**McWILLIAMS et al. v. GEDDES & MOSS UNDERTAKING & EMBALMING CO.,**
Limited, et al.

No. 16188.

Court of Appeal of Louisiana. Orleans.

Nov. 18, 1935.

McCALL, Judge ad hoc.

The three daughters of Joseph L. Austin, who died about 1927, bring the present suit against Geddes & Moss Undertaking & Embalming Co., Limited, Gertrude G. Willis, and W. A. Willis, to be recognized as the owners of one share of the capital stock of the said company, certificate for which now stands in the name of Willis, and to have the company ordered to cancel said certificate and issue a new one to them. The trial court gave judgment in favor of plaintiffs to the extent of an undivided interest in one-half share, from which judgment the company, Gertrude G. Willis, and W. A. Willis have appealed. The plaintiffs answered the appeal.

Plaintiffs relied on the charter of the corporation which showed Austin as the subscriber to one share of stock, fifteen shares being subscribed for by Arnold L. Moss and fourteen shares by Clem J. Geddes. Plaintiffs offered also judgment in the succession of Joseph L. Austin and his wife, rendered October 19, 1934, which recognized the plaintiffs as the owners of one share of stock in the defendant company. Plaintiffs also offered in evidence judgment in the Succession of Clem J.

Geddes, rendered July 21, 1914, which recognized his widow as the owner of fourteen shares of the stock in question.

The record shows that no certificates of stock were issued prior to December 8, 1931, at which time two certificates of stock were issued, one for fifteen shares in favor of the widow of Arnold L. Moss, and the other for fifteen shares in favor of Gertrude G. Willis, the widow of Clem J. Geddes. Shortly prior to the issuance of these stock certificates, to wit on November 27, 1931, the widow of Austin and the mother of the plaintiffs had signed a declaration to the effect that the share of stock issued to her husband was in truth and in fact the property of Clem J. Geddes and at that time the property of his widow, Gertrude G. Willis. Thereafter, apparently, the stock certificate in favor of Gertrude G. Willis for fifteen shares was canceled, a new certificate of fourteen shares being issued in her favor, and a certificate of one share being issued in favor of her husband, William A. Willis. The record as to this latter transaction is defective in that the stock book of the corporation, which was offered in evidence in the trial court, has not been filed in this court.

When defendants sought to prove facts tending to show that Austin put up no money, that Austin at no time claimed to be the owner of any stock in the corporation, and that Austin was never treated as a stockholder in the corporation, objection to such testimony was sustained on the ground that the notarial charter of the company and the judgment of possession in the Geddes succession recognizing the widow as the owner of only fourteen shares of stock could not be contradicted by parol evidence.

 It is clear that there is no basis for any estoppel, as urgently contended for by counsel for plaintiffs. It is Horn Book law that to create an estoppel there must be some action by the persons against whom the estoppel is pleaded which has caused prejudice to those asserting the estoppel. See Farley v. Frost-Johnson Lumber Co., 133 La. 497, pages 540, et seq., 63 So. 122, L. R. A. 1915A, 200, Ann. Cas. 1915C, 717.

Counsel strenuously argues that parol evidence is rendered inadmissible by article 2276 of the Civil Code, reading: "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."

And article 2236 of the Civil Code to the effect that: "The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."

There is and can be no contradiction of the fact that plaintiffs' father was at least nominally a stockholder and a director of the defendant corporation. Up to 1928, our law required that a director had to be a stockholder.

 We cannot close our eyes to the well-known fact that corporate directors are frequently dummies, and that where the law so requires one or more shares of stock are placed in the names of such directors in order to qualify them as such. It is likewise a matter of common knowledge that the stock certificates in favor of dummy directors are frequently held in the actual possession of the real owners of such stock indorsed in blank by the dummy directors. It is significant that in the present instance no certificates of stock whatsoever were issued until the latter part of 1931. It is not our opinion that the codal articles relied on by plaintiffs forbid evidence as to whether Austin was entitled to have a share of stock issued to him as his property rather than as contended by defendants, simply to qualify him as a director.

We do not mean to prejudge the question of whether Austin was actually the owner of one share of the stock of the defendant company, or whether that share was placed in his name purely for purposes of convenience, but we feel that, in order to arrive at a proper solution of the question, the evidence which was offered by the defendants and was excluded by the trial judge should be admitted and should be considered along with other evidence.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that this cause be remanded to the First City Court of New Orleans for further proceedings according to law and consistent with the views herein expressed.

Reversed and remanded.