McWILLIAMS et al. v. GEDDES & MOSS
UNDERTAKING & EMBALMING
CO., Limited, et al.*
No. 16447.

Court of Appeal of Louisiana. Orleans.
Oct. 19, 1936.

·H. W. & H. M. Robinson, of New Orleans, for appellant Geddes & Moss Undertaking & Embalming Co., Limited.

Wisdom & Stone and John Minor Wisdom, all of New Orleans, for appellees.

McCALEB, Judge.

Mabel Austin, wife of Albert Williams, Stella Austin, wife of Ulysses Marcel, and Anita Austin, wife of Joseph S. Rose, filed this suit against Geddes-Moss Undertaking & Embalming Company, Limited, W._A. Willis, and Gertrude G. Willis, claiming to be the owners of one share of the capital stock of Geddes-Moss ·Undertaking & Embalming Company, Limited, in their capacities as the legal heirs of their father, Joseph L. Austin, now deceased, and their mother, Mrs. J. L. Austin, also deceased. They pray that the defendant corporation be ordered to issue to them a certificate for, one share of the capital stock of the corporation and, that W. A. Willis and Gertrude G. Willis, the other defendants, be ordered to surrender the certificate of. stock, issued to the said W. A. Willis, for cancellation, averring that said share of stock was wrongfully issued by the corporation in fraud of the plaintiffs' rights.

The allegations of the petition are that the defendant corporation was organized on September 28, 1909, by notarial act; that the plaintiffs' father subscribed to one share of capital stock which was duly paid for by him; that their father died on February 3, 1930; that prior to his death no certificates evidencing stock ownership were ever issued by the defendant corporation; that shortly thereafter plaintiffs' mother died; that the succession of the plaintiffs' father and mother was duly opened in the Civil district ·court and that the plaintiffs were placed in possession of one share of stock of the defendant corpo-

*Rehearing denied Nov. 4, 1936.

ration, inherited by them from their father and mother, by judgment in the probate proceedings.

Plaintiffs further allege that the defendant corporation issued stock certificates shortly after the death of their father, issuing a share of stock in the name of their deceased father which it immediately canceled without any authority of law, and simultaneously issued another certificate for the one share of said stock, belonging to their deceased father, to Gertrude G. Willis. They further aver that thereafter the said Gertrude G. Willis surrendered the stock certificate (which had been wrongfully issued to her in deprivation of the plaintiffs' rights) in exchange for another certificate of stock for 14 shares; that thereupon the corporation issued one share of stock to W. A. Willis. It is charged that all of these transactions were done for the purpose of defrauding the plaintiffs of the stock.

As aforesaid, the prayer of the petition seeks to compel the corporation to issue the plaintiffs a certificate for one share of stock which they claim is rightfully theirs, and further demands that the corporation cancel the share of stock fraudulently issued in the name of W. A. Willis.

The defendants, in due course, answered the petition and resisted the suit on the following grounds:

First, that the corporation was organized by Clement J. Geddes and Arnold L. Moss, both now deceased, for $3,000; that the said Geddes and Moss each furnished $1,500 in cash; that only 30 shares of the capital stock were subscribed for and that this stock was paid for by the said Geddes and Moss; that J. L. Austin was selected as a nominal stockholder and member of the board of directors because, under the law as it then existed, in order to organize a corporation it was necessary for not less than three persons to join as incorporators; that while it appears that Moss subscribed for 15 shares, Geddes for 14 shares, and Austin for 1 share, still, in truth, the share subscribed for by J. L. Austin was paid for by Clement J. Geddes and that Austin was without interest in the same; that at no time during his life did he claim any ownership or interest whatever in the corporation, and that he had never demanded or received any of the profits or dividends derived from the operation of the enterprise.

Second, that after the death of J. L. Austin, his wife, the mother of the plaintiffs, who had knowledge of the facts regarding the subscription of J. L. Austin to the capital stock in the corporation, executed a document by which she declared that the one share of stock in the corporation, standing in the name of her late husband, was, in truth and in fact, the property of C. J. Geddes, and she authorized and directed the officers of the corporation to transfer the share of stock to Mrs. Gertrude G. Willis, who was the legal heir of Geddes.

Third, that due to the fact that plaintiffs' father was only a nominal stockholder of the corporation and that because of his knowledge that the corporation was owned one-half by Moss and one-half by Geddes, and because he was never recognized as having any interest in the share of stock and because for over 20 years he, knowing these facts, never made any demand therefor, that his heirs are barred and estopped from claiming the ownership of said stock.

Fourth, the defendants further pleaded the acquisitive prescription of three and ten years against the demands of the plaintiffs.

Upon the foregoing issues a trial was had. The plaintiffs offered in evidence a certified copy of the charter of the corporation, which shows that the capital stock of the corporation is $10,000 represented by 100 shares at par value of $100. The original subscribers to the stock are Clement J. Geddes 14 shares, Arnold L. Moss 15 shares, and J. L. Austin 1 share. Plaintiffs then tendered a certified copy of the judgment in the successions of Joseph L. Austin and his wife, which judgment recognizes the plaintiffs to be the sole and only heirs of their father and mother and places them in possession of one share of the capital stock of the defendant corporation. Plaintiffs also offered in evidence the judgment, in the succession of Clement J. Geddes, which shows that Mrs. Gertrude G. Willis was recognized as his heir and placed in the possession of 14 shares of the capital stock of the defendant corporation.

After making the foregoing proof, the plaintiffs rested and when the defendants sought to introduce evidence to prove that J. L. Austin was not the owner of the share of stock in question, counsel for the plaintiffs objected thereto on the ground that the

corporation was estopped from contradicting its own charter by parol evidence, and, further, in support of said plea, offered a certified copy of the minutes of the first meeting of stockholders of the defendant corporation dated September 28, 1909, which revealed that at that meeting J. L. Austin was recognized as the owner of one share of stock. The court maintained the objection, thereby preventing the defendants from attempting to prove the allegations contained in their answer.

A judgment was rendered in favor of the plaintiffs against the defendant corporation, ordering said corporation to issue to the plaintiffs a certificate of stock for one-half share, formerly owned by their father, J. L. Austin.

From this adverse judgment, the defendant corporation appealed to this court and the judgment of the lower court was reversed (see McWilliams et al. v. Geddes & Moss Undertaking & Embalming Co., Ltd., et al., 164 So. 144) and the case remanded for further proceedings in accordance with our opinion. Our view was that the plea of estoppel, filed by the plaintiff on objection to the evidence tendered by the defendants, should not have been sustained, for the reason that, if the defendant corporation was able to show that Austin was not the owner of the share of stock in question, the suit of the plaintiffs should be dismissed.

When the case was remanded to the lower court for admission of the testimony previously excluded, the trial judge allowed all evidence tending to defeat the plaintiffs' claim of stock ownership. After a full consideration thereof, he maintained the plaintiffs' action and entered the same judgment as he had previously handed down.

From this decision, the defendant corporation has again appealed. The plaintiffs have answered the appeal and they pray that the judgment of the trial court be amended so as to declare them the owners of one full share of stock instead of one-half share of stock.

The evidence submitted in the lower court exhibits the following:

In 1909, when the corporation was organized, there were three subscribers to capital stock of the company. Moss subscribed for 15 shares, Geddes for 14 shares, and Austin for 1 share. All of this stock was paid for in cash and the corporation received the total sum of $3,000. Austin, from the time of the organization of the corporation until his death, was a member of the board of directors of the company, and it is shown that he attended some of the board meetings.

Mrs. Willis, the widow of Geddes, testified that she was familiar with all of the corporate proceedings and that she knows that while Austin, in the corporate records, is shown as the owner of one share of stock, the truth is that he was really not a stockholder and that the money which the corporation received in payment of his share of stock was furnished to the company by her late husband, C. J. Geddes, and not by Austin.

■ Assuming that her testimony is genuine, we do not see how the corporation can avail itself of this defense. True, no stock certificates were ever issued by the company until after Austin's death; but it is well settled that a stock certificate is merely evidence of the ownership of the share of stock. See Succession of McGuire, 151 La. 514, 92 So. 40. On page 520 of 151 La., page 42 of 92 So., the Supreme Court said: "From the foregoing it is very plain that a certificate of stock is merely a paper evidence created for convenience, of the ownership of the share of stock; *that it is not the thing which is in reality the subject of the ownership; that the thing which is in reality the subject of the ownership is the share of stock itself.*" (Italics ours.)

■ It is conceded that Austin actually subscribed to one share of the capital stock of the company and that it was paid for. Defendant claims that because another stockholder paid the company for Austin's subscription, Austin did not become the owner of the stock. But as between Austin and the company, this fact is immaterial. The company's real interest was in being paid for the subscription and it is not concerned with the source of payment.

The defendant company, having admitted that Austin subscribed to a share of stock and that it actually received in cash the payment required for said share, mandamus will lie to compel said corporation to issue to the subscriber's legal heirs the stock certificate. See State ex rel. Louisiana State Bank v. Bank of Baton Rouge, 125 La. 138, 51 So. 95, 136 Am.St.Rep. 332; State ex rel. Smit v. Lafayette Bldg. Ass'n, 147 La. 526, 85 So. 228, and State ex rel. Marine Bank & T. Co. v. Go-ro, Inc., 155 La. 1072, 99 So. 875.

While the plaintiffs do not ask for the issuance of a writ of mandamus, the prayer of the petition is directed against the corporation to compel it to issue to them a share of stock (a plain ministerial duty of the corporation) and this relief should be granted unless some of the other defenses interposed by the company are valid.

The plaintiffs also pray that the corporation be ordered to cancel the share of stock wrongfully issued to W. A. Willis. They would ordinarily be entitled to this relief (see State ex rel. Smit v. Lafayette Bldg. Ass'n, supra) but as the judgment below failed to grant it, and inasmuch as the plaintiffs are not asking that the judgment be amended in that respect, the matter is not before us.

The next contention made by the defendant is that plaintiffs' mother executed a document by which she recognized the fact that the share of stock subscribed for in the name of her husband was, in truth, the property of Mrs. Gertrude G. Willis and she authorized and directed the officers of the company to transfer the stock to Mrs. Willis. Of course, if the document offered in evidence is enforceable against the plaintiffs' mother, it also binds the plaintiffs, but only as to a half interest in the stock, inasmuch as the plaintiffs' mother could not disclaim the plaintiffs' interest in the half share inherited from their father. This was the view taken by the trial court, and we believe it to be sound.

Counsel for plaintiffs, however, have answered this appeal and pray that the judgment of the trial court be amended in this respect so as to give the plaintiffs judgment for the full share of stock in the defendant company. We are of the opinion that the plaintiffs are not entitled to the amendment to the judgment, which they request, upon the ground that their mother, who was their author in title, has executed a document, placed in the hands of the defendant corporation, in which she disclaims any interest whatsoever in the share of stock subscribed for by her husband and she directed and authorized the corporation to transfer the share to Mrs. Gertrude G. Willis. This declaration in writing is valid as their mother had the right to disclaim ownership in and to the one-half share owned by her.

The next contention of the defendant is that because of the fact that Austin did not receive any of the profits of the corporation and never made any claim for the issuance of the share of stock, that his heirs are now estopped from asserting that he was the actual owner of a share of stock. This point is without merit. The fact that a shareholder in a corporation does not demand dividends or is inactive in the management and control of the corporation cannot be successfully urged by the corporation as an estoppel against his claim that he is the real owner of the share of stock.

The defendant next contends that Willis has acquired title to this share of stock by the prescription of three years. In other words, the corporation issued to him the share of stock belonging to Austin; that he acquired it in good faith; and that by virtue of Revised Civil Code, art. 3475, he is possessed of a title to the stock by prescription. This contention is unsound because the party defendant here is the corporation and it does not claim that it acquired the title to anything by prescription. Whether Willis can plead successfully the prescription of a three-year possessor in good faith can be only set up by him in an action between the company and himself in the event the corporation should cancel the share of stock issued in his name.

Finally, counsel for the defendant corporation postulates, that in any event the judgment should be reversed because the capital stock of the corporation being for $3000, the corporation is without right, under penalty of forfeiture of its charter under article 13, section 2 of the Constitution of 1921, to issue more stock than provided for in the charter; that 30 shares of the capital stock having already been issued, it is without power to violate the Constitution which he declares will be the inevitable result if the judgment of the lower court is maintained. This argument is without force because, first, counsel is in error when he states that the capital stock is fixed at $3,000 (whereas the charter offered in evidence shows that the capital stock of the company is fixed at $10,000); and, second, because even if the capital stock of the charter was $3,000, as contended, and the corporation had issued all of its stock to persons who were not entitled thereto, it would not prevent the court, in such case, from decreeing that another party was the lawful owner of some of that stock. The remedy of the corporation in such circumstances is to cancel the share or shares of stock wrongfully issued. Accordingly, we hold that the corporation

cannot avail itself of this defense against the true and lawful owner of the stock in question.

Aside from the legal questions, which we have ruled upon adversely to the contentions of the defendant company, a reading of the record, on the questions of fact here involved, convinces us that J. L. Austin was not a dummy stockholder or director in the defendant corporation but the real owner of the stock which is the subject of this litigation.

For the reasons assigned, the judgment appealed from is affirmed, with costs.

Affirmed.