PONDER, Justice.
 

 During the month of May, 1936, the Pan American Import Company, Inc., was in an insolvent condition and a meeting of the stockholders was called with the view of rearranging the financial structure of. the corporation. At that time, Henry Mills was president; Lloyd Azcona, secretary-treasurer; and Sidney T. Frank, general manager of the corporation. Under the rearrangement plan Mills was to place additional money to his account in the corporation and the stockholders were to cancel notes of the corporation held by them. Mills, who was the largest creditor of the corporation, also canceled the notes of the corporation held by him. Under the plan 300 shares of common stock, at a par value of $25 each, were to be issued and sold for cash. During the process of reorganization Mills placed money to his account in the corporation from time to time aggregating $12,500. Mills acquired 181 shares of this new stock and in payment thereof transferred from his account in the corporation an amount equal to the value of the stock. At that time Mills, the owner of nearly all the investment in • the corporation, Sidney T. Frank, and Lloyd Azcona entered into an agreement whereby Mills transferred from his account an amount equal to the value of 119 shares of stock in payment of an equal amount of shares of stock to be issued in the name of Sidney T. Frank. The certificate representing the shares of stock was filled out and signed by Mills, the president, and left in the custody of Azcona in accordance with the agreement that the stock was not to be sighed by Azcona and was to remain in Azcona’s possession until Frank reimbursed Mills the amount paid for the stock. The certificate was left attached in the stock book, in the custody of Azcona. The certificate was left in the stock book for some time without being disturbed when some several months afterwards Frank removed the certificate without the knowledge or consent of Azcona. Prior to the removal of the stock certificate, Frank paid Mills $600 on the account. No other, payments have been made thereon.
 

 
 *865
 
 The present' proceedings were instituted by Frank seeking by mandamus to compel the corporation and Azcona, its secretary-treasurer, to have Azcona sign the stock certificate. The defense to the suit is in effect that the plaintiff has not complied with his contract and paid the amount agreed on to Mills, and is therefore not entitled to the relief sought.
 

 Upon these issues the case was tried and the lower court gave judgment denying the writ and rejecting the plaintiff’s demands. The plaintiff has appealed.
 

 Mills intervened in this suit in the lower court, but no formal judgment was rendered by the lower court on the intervention, and no 'mention is made in the judgment on the merits with reference to the intervention. An appeal was lodged in this court, bearing docket No. 36,183, from a purported denial of the intervention. The appeal was consolidated with the present case for hearing. The appellant has moved to dismiss the appeal. The intervention cannot be considered for the reason that no formal judgment with reference to the intervention was rendered by the lower court.
 

 Counsel for the appellant contends in effect that the only interest the corporation has in the transaction is being paid for the stock and that it is not concerned with the source of payment. Counsel argues that the fact that the money was loaned by Mills to Franks is of no significance in this suit, or, in other words, it is a transaction between the parties as individuals and of no concern to the corporation. In' support of this contention counsel cites State ex rel. Smit v. Lafayette Bldg. Ass’n, 147 La. 526, 85 So. 228, and McWilliams v. Geddes & Moss Undertaking & Embalming Co., Ltd., La.App., 169 So. 894.
 

 Upon examination of the cited cases, we find that they are not pertinent. The factual set up is entirely different. In neither of the cited cases were the officers or stockholders of the corporation parties to or concerned in any agreement therein.
 

 We know of no law prohibiting a contract of the nature involved herein and no authority to the contrary has been cited. Under the circumstances in this case, it appears that the officers and stockholders of the corporation were vitally interested in the readjustment of the corporate affairs in order to strengthen its financial status. The record discloses that the stockholders would not purchase this stock and the contract involved herein resulted in the sale of the stock. The contract is not against the interest of the stockholders but decidedly to their interest. Moreover, Mills was the owner of nearly all the investment in the corporation. The contract involved herein could in no wise injure the stockholders or creditors of the corporation but on the other hand, it operated to their advantage. Under such circumstances, and in the absence of any law prohibiting a transaction of this nature, we see no reason to disturb the judgment of the lower court. The transaction being one of contract the parties are bound by their agreement.
 

 For the reasons assigned the judgment is affirmed at appellant’s cost.
 

 O’NIELL, C. J., does not take part.