John Volker prays for judgment for $1,000 against defendant corporation alleging that the said amount had been paid by him to the corporation in connection with an offer made by him to buy stock in that corporation, and which offer was accepted formally by the corporation. He charges that as a result of prior negotiations, he, on February 18, 1942, offered to buy ten shares of stock and deposited with the corporation $1,000 in connection with his offer and that the corporation, through its president, issued to him a receipt as follows:
"New Orleans, La. "Feb. 18, 1942
"Received of John C. Volker $1000.00 one thousand dollars — for 10 shares of Stock of the Crescent City Who. Florist, Inc., located 825 Poydras Street, New Orleans, La., to be issued at once.
"(Signed) J.P. Freund, Pres."
He further alleges that no certificate of stock was ever issued to him but that under date of August 4, 1942, the attorney of the corporation wrote him a letter in which he stated that the stock certificate was in his possession and that he, Volker, might call for it. He alleges also that at the same time and also under date of August 4, 1942, he received a notice from the corporation of the calling of a meeting of stockholders for the purpose of appointing a liquidator.
He charges that since his offer to purchase stock was never formally accepted by the corporation, the said offer never ripened into a contract. He also maintains that since the receipt issued by the corporation provided that the "stock" would be issued by the corporation "at once" whereas the certificate was not issued — if it was, in fact, ever issued — until six months later, if there ever was a contract it was made to depend upon the condition *Page 373 
that the stock would be issued at once and that condition was never complied with.
Upon the overruling of the exceptions of no right of action and no cause of action, defendant filed answer in which it admitted that plaintiff had agreed to purchase stock for $1,000; had paid the said amount into the treasury of the corporation and had been issued the receipt quoted above. Defendant admitted also that the stock certificate evidencing plaintiff's ownership was not tendered to him until August 4, 1942, or nearly six months after the stock had been paid for. But it maintained that plaintiff, during all that time, was a stockholder and had taken a part in the management of the business and could not be heard to contend that his offer had not been accepted.
There was judgment dismissing the suit and plaintiff has appealed.
The record shows that plaintiff was familiar with the fact that when he made the payment of $1,000 the corporation had just been incorporated, or was in process of incorporation, and that he, himself, went with the president to the bank and saw him open a bank account in the name of the corporation, and deposit that check in that account to the credit of the corporation.
The record shows also, by his own admission, that for at least four months plaintiff did not make the slightest request that a stock certificate be issued. It appears that for a time the corporation appeared to be making progress financially and that in July, nearly five months after he had paid for the stock, some slight disagreement arose and there were negotiations looking to the purchase by plaintiff of the stock of other stockholders or the sale by him of his stock. He says that at that time the value of his ten shares "might have been about $1400.00 or $1500.00" and that he offered to sell it for $1500.
He was very familiar with the affairs of the corporation; he himself had been in the flower business in New Orleans for many years; and, in fact, since the other larger stockholders did not live in New Orleans, he, himself, was the principal adviser of the company here.
There is obviously not the slightest merit in plaintiff's contention. Even the receipt to which plaintiff points does not stipulate that the "certificate" will be issued at once — merely that the stock will be issued. A stock certificate is merely evidence of the ownership of the stock and is not the stock itself. In Succession of McGuire, 151 La. 514, 92 So. 40, 42, the Supreme Court said:
"* * * it is very plain that a certificate of stock is merely a paper evidence created for convenience, of the ownership of the share of stock; that it is not the thing which is in reality the subject of the ownership; that the thing which is in reality the subject of the ownership is the share of stock itself. * * *"
See also McWilliams v. Geddes Moss Undertaking, etc. Co., La.App., 169 So. 894, 896.
In the second place, if plaintiff considered it essential that he have a stock certificate, his remedy lay in a demand for its issuance and in a mandamus proceeding if his demand was unsuccessful and such a proceeding become necessary. In McWilliams v. Geddes Moss Undertaking, etc., Co., supra, we held that a mandamus will lie to compel the issuance of stock for which the corporation has received payment. There we said:
"The defendant company, having admitted that Austin subscribed to a share of stock and that it actually received in cash the payment required for said share, mandamus will lie to compel said corporation to issue to the subscriber's legal heirs the stock certificate. See State ex rel. Louisiana State Bank v. Bank of Baton Rouge, 125 La. 138, 51 So. 95, 136 Am.St.Rep. 332; State ex rel. Smit v. Lafayette Bldg. Ass'n, 147 La. 526, 85 So. 228, and State ex rel. Marine Bank T. Co. v. Go-Ro, Inc., 155 La. 1072, 99 So. 875."
Plaintiff cannot blow hot and then blow cold. He cannot claim to be a stockholder so long as the corporation seems to be making a profit and then claim that his offer to purchase stock was not accepted as soon as it becomes apparent that there will be a loss.
We agree with our brother below in his reasons for judgment. He says that a court should not permit a party to a contract to take a position from which he may say —
"I am the owner of the stock when the corporation is doing a big business and the value of the stock is in excess of the price I paid for it; I am not the owner of *Page 374 
the stock when the corporation is doing a small business."
There was obviously no necessity that the offer to purchase be formally accepted by resolution of the board of directors. The money was accepted, it was deposited to the credit of the corporation in its bank account and plaintiff, during the few months of the existence of the corporation, was treated as and considered himself a stockholder.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.
WESTERFIELD, J., absent, takes no part.