LOTTINGER, Judge.
This is a proceeding seeking the issuance and delivery of shares of corporate stock. The plaintiff, A. J. Chapman, alleges that *290 he is a stockholder in and owner of twelve shares of corporate stock of the defendant, Hamer’s Welding & Supply Corporation. He further seeks the right to inspect the books and records of the defendant corporation. The plaintiff contends that the defendant corporation refused to issue him a stock certificate evidencing his ownership of the shares of stock.
Six days prior to the date that this matter was tried by the Trial Court, Milton Hamer intervened contending that he was the prime mover in the incorporation of the defendant corporation; that he had a verbal agreement with the plaintiff concerning the formation of the defendant corporation; and that he was the owner of the twelve shares of stock in question. The plaintiff objected to the taking up of the intervention during the trial of the main demand on the grounds that the petition for intervention was filed only six days prior to the trial of the main demand, and would necessarily retard the progress of the principal action. This objection was upheld by the Trial Court and the intervention was not allowed. The defendant-appellant has not questioned this ruling, and we therefore assume it finds no error with same.
The record points out that the plaintiff, A. J. Chapman, was the only witness to testify in this matter. The plaintiff testified that he had worked for various corporations owned by Milton Hamer for a number of years. He had eventually worked himself up to the position of superintendent of one of the corporations, and because this position was one of responsibility requiring long hours, the plaintiff demanded more wages for his services. Instead of meeting this demand for an increase in salary, Mr. Hamer decided to form a new corporation in which the plaintiff would be the owner of stock, permitting him to receive additional compensation for his services in the form of dividends or bonuses. This new corporation was formed, which is the defendant corporation, and the plaintiff was made vice president and elected as a director.
The plaintiff testified that he never received a stock certificate representing his ownership of the shares of stock to which he subscribed in the Articles of Incorporation, despite his demand for delivery of said certificate. A certified copy of the Articles of Incorporation was introduced into evidence which clearly shows that the plaintiff subscribed for twelve shares of corporate stock. The corporation began business with paid in capital of $10,000.00, represented by 100 shares of stock with a par value of $100.00 each. The Articles further provided that the plaintiff was a director and vice president of the corporation. The plaintiff further introduced into evidence a certified copy of the report of the corporation required by LSA-R.S. 12:-18 (Declaration of Consideration of Shares), which showed that the corporation had actually issued 100 shares of its stock for the consideration of $10,000.00 in cash.
As pointed out above, the plaintiff was the only witness who testified in this matter. The Trial Court ruled in favor of the plaintiff recognizing him as the owner of and entitled to the possession of twelve shares of stock of the defendant corporation, ordered a writ of mandamus issued directing the president and secretary of the defendant corporation to issue to and in the name of plaintiff a certificate of stock representing twelve shares, and further ordered the defendant corporation to allow the plaintiff or his representatives to view, examine and inspect all of the corporate books and records of the defendant corporation. From this judgment the defendant has appealed.
A stock certificate is merely evidence of the ownership of a share of stock. The Louisiana Supreme Court in Succession of McGuire, 151 La. 514, 92 So. 40 (1922) held:
“ * * * a certificate of stock is merely a paper evidence created for conven *291 ience, of the ownership of the share of stock; that it is not the thing which is in reality the subject of the ownership; that the thing which is in reality the subject of the ownership is the share of stock itself.”
The Articles of Incorporation clearly show that the plaintiff subscribed to twelve shares of stock, and the report of the corporation required by LSA-R.S. 12:18 shows that the stock was paid for in cash. As between the plaintiff and the defendant corporation, it is immaterial who paid for these particular twelve shares of stock. The corporation’s real interest is in being paid for the subscription and not with the source of payment. McWilliams v. Geddes & Moss Undertaking, etc. Co., 169 So. 894 (La.App.Orl., 1936).
There is nothing in the testimony of the plaintiff, being the only witness, to show that the Trial Judge was in error in his judgment. Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by defendant-appellant.
Judgment affirmed.