SCHOTT, Judge
(concurring).
The evidence shows that Messrs. Cooper and Weir set up a three step procedure for severing their relationship as owners of all of the stock in plaintiff corporation:
(1) Cooper was to have defendant corporation incorporated in the State of Louisiana ;
(2) All of the stock of the newly formed defendant corporation was to be issued to plaintiff corporation and simultaneously therewith the Louisiana assets of the plaintiff corporation were to be transferred to the defendant corporation;
(3) All of the stock of defendant corporation was to be transferred by plaintiff corporation to Cooper and simultaneously therewith Cooper’s stock in plaintiff corporation was to be transferred to Weir with the understanding that a cash payment would be made between Cooper and Weir to offset any difference between the value of the Louisiana assets of plaintiff corporation now owned by defendant corporation and that of Cooper’s stock in plaintiff corporation.
Pursuant to the agreement Step 1 was accomplished as well as the second part of Step 2, namely, the assumption of plaintiff’s Louisiana assets by defendant corporation. But the first part of Step 2, namely, the issuance of the stock in defendant corporation to plaintiff was not accomplished although the record shows that a stock certificate of defendant corporation was actually prepared in the name of plaintiff. At this point a stumbling block to the consummation of the entire agree *736 ment was encountered when the parties could not agree on the value of the Louisiana assets of plaintiff and the value of Cooper’s stock in plaintiff, preventing the accomplishment of Step 3 of the agreement.
The narrow issue on this appeal is whether plaintiff may now invoke the provisions of LSA-R.S. 12.-23B requiring its written consent when defendant corporation was formed or whether under these circumstances it waived its right to insist upon such written consent. I concur in affirming the judgment of the trial court for the reason that plaintiff waived such right.
Waiver is a voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed. Breaux v. Laird, 230 La. 221, 88 So.2d 33, Michel v. Efferson, 223 La. 136, 65 So.2d 115. It is clear from these cases and the cases cited therein that the doctrine of waiver is recognized and applied by our courts in appropriate cases. It hardly seems debatable that the narrow technical right available to plaintiff under R.S. 12:23B to make the use of its name by defendant corporation conditioned upon written consent being given and filed with the Secretary of State could be waived by plaintiff. At 28 Am.Jur.2d Estoppel and Waiver, § 164, it is said that “as a general thing, rights granted by statute may be waived unless the statute is intended to protect the general rights of the public rather than private rights. While one cannot waive a public obligation created by a statute, he may waive a statutory requirement the purpose of which is to confer a private right or benefit . . .” That annotation then provides a number of examples where technical requirements of statutes may be waived by the party for whose benefit such statutes were enacted. At the time Step 1 of the agreement was confected plaintiff had every intention of implementing the formation of defendant corporation, was charged with the knowledge that R.S. 12:23B required its written consent to the use of its name by defendant corporation and must be said to have intentionally waived this requirement. The absence of the written consent in no way affected the validity of the corporate existence and defendant remained viable and unassailed from date of its creation in August, 1972, until this suit was filed in January, 1974. Step 1 was a fait accompli. Plaintiff knew defendant had been formed and that defendant was viable throughout a 16-month period. Plaintiff waived any rights it had to insist upon the defendant having its written consent as a condition to its formation of existence during this time.
But the principal thrust of plaintiff’s case is that the formation of defendant corporation was only one of several parts of an agreement and when it became apparent that the other parts of the agreement could not be accomplished it became patently unfair and inequitable for defendant to be using plaintiff’s name and its Louisiana assets and property while negotiations dragged on between the parties to bring about a conclusion of the agreement. The suggestion is made that plaintiff is at a complete disadvantage as a result of its completing Step 1 in good faith while defendants now have no incentive to complete Step 3.
This position finds support in Breaux v. Laird, supra, where the following was said:
“. . . [Waiver]
Should not be applied where it will serve as an instrument of, or operate as, a fra.ud, be against good conscience, work injustice or accomplish a wrong. Gonsoulin v. Equitable Life Assurance Society of the United States, 152 La. 865, 94 So. 424; C.J. Sec. Vol. 31, p. 242, et seq; 42 C.J.S. p. 380.
“The promotion and enforcement of fair dealing and the prevention of undue advantage are equally involved in the application of the equitable doctrine of *737 waiver or estoppel, and pleas of this doctrine can be of no avail to the party urging same unless he has been clearly misled to his detriment or injury by the actions or conduct of the party against whom the plea is urged. In re Clover Ridge Planting & Mfg. Co., Inc., 178 La. 302, 151 So. 212.”
From my appreciation of the evidence there is no way that plaintiff can be victimized as a result of the defendants continuing to operate under plaintiff’s name in Louisiana. It is clear that plaintiff is the rightful owner of all of the shares of stock in defendant corporation notwithstanding the fact that a stock certificate signifying such has not yet been issued. See Volker v. Crescent City Wholesale Florist, 17 So. 2d 372 (La.App.Orl.1944). Plaintiff is therefore in the same position it was in even before Step 1 of the agreement was accomplished. Whatever business is being conducted in Louisiana, whatever contracts are signed and performed and whatever profits are derived by the defendant corporation all redound to the benefit of plaintiff. Thus, there is no equitable basis for holding that the doctrine of waiver should not apply under the circumstances of this case.
Much is said about the application and meaning of R.S. 12:23F which provides as follows:
“The assumption of a name in violation of this section shall not affect or vitiate the corporate existence, but the court having jurisdiction may, upon application of the state or of any person, unincorporated association or corporation interested or affected, enjoin a corporation from doing business under a name assumed in violation of this section,
In my opinion this section has no application to the facts of this case. This section, recognizing the power of the court to enjoin a corporation from doing business under a name assumed in violation of this section, is not intended to grant any relief to a corporation which initially agreed to a second corporation using its name and in fact aided, abetted and assisted the second corporation in the assumption of the first corporation’s name and thereafter acquiesced in the use of that name for a period of 16 months without objection.
If plaintiff had shown by a preponderence of the evidence that an injustice was being done to it by virtue of defendants’ failure or refusal to proceed with the remaining steps of the agreement after plaintiff had cooperated in the accomplishment of Step 1, the court under its general equitable jurisdiction could enjoin defendants from reaping the benefits of Step 1. But as has already been discussed the facts do not show that plaintiff is now suffering or will continue to suffer any irreparable injury as a result of defendants’ actions so that the first paragraph of LSA-C.C.P. Art. 3601 is not applicable. Furthermore, even if the facts did not so clearly militate in favor of defendants the law is clear that the trial judge has much discretion in the granting or refusing of injunction and plaintiff has not shown that the trial judge abused such discretion so as to warrant our reversal of judgment.
I concur in the result.