ROGERS, J.
 

 The defendant by information was charged, as owner or manager of the Crescent Grocery Company, with operating or causing-' to be operated upon the public streets and highways a two-liorse delivery wagon in which merchandise was transported for commercial purposes, without having the vehicle registered and obtaining a license therefor, in violation of Act No. 297 of 1928.
 

 Defendant moved to quash the information on the ground that it does not charge any crime or offense and on the further ground that, if it does so charge, the statutory provisions relied on are unconstitutional. The motion was overruled and a bill of exception reserved. Defendant was then tried, convicted, and sentenced to pay a fine of $10 and costs, and in default of the payment thereof to serve 30 days in jail. After his application for a new trial was denied, defendant invoked the supervisory powers of this court for the purpose of having his motion to quash sustained, his conviction and sentence annulled, and his discharge ordered.
 

 The state has made no return to the rule nisi herein issued, nor has it filed any brief in support of relator’s conviction and sentence. The return of the trial judge consists by reference solely of the reasons assigned in his statements per curiam attached to the bills of exception reserved by relator. An examination of those statements discloses that while the trial judge sets forth at some length his reasons for maintaining the constitutionality of the statute, he dismisses without any other comment than it is without merit relator’s allegation that the information charged no crime or offense.
 

 The first question to be determined by the court is the correctness vel non of relator’s contention that the information filed against him charges no crime or offense. If that question is resolved in relator’s favor, his attack on the constitutionality of the statute passes out of the ease, since he has no interest to pursue it.
 

 The Constitution, art. 6, § 22, was amended in' the year 192S for the purpose of authorizing the Legislature to provide a revenue for the general highway fund of the state. See joint resolution proposing the amendment embodied in Act No. 219 of 1928. In pursuance of the authority conferred upon it by the constitutional amendment, the Legislature enacted Act No. 297 of 1928, imposing and providing for the collection of an annual graded license tax upon vehicles using the public highways, streets, and roads of the state. This is the statute referred to in the information filed against the relator.
 

 The body of the legislative act contains seven titles, which, in turn, contain numerous sections and subsections. Title 1 deals -with the definitions of words and phrases used in the statute. Title 2 declares that the secretary of state shall perform the duties of vehicle commissioner and sets forth his duties and the duties of the department, and officers charged with the enforcement of the law. Title 3 provides for the registration by the owners of motor vehicles, trailers, and semitrailers, making unlawful their operation when unregistered upon a highway. The statute does not contain a title 4. The next title is designated as title 5 and fixes and classifies the registration and license fees. The remaining titles 6, 7 and 8 cover various phases of the subject-matter of the legislation. Title 5 provides that:
 

 “There shall be paid to the Commissioner for the registration and license, of
 
 motor vehicles, trailers, and semi-trailers,
 
 license fees
 
 *147
 
 or taxes according to the following schedule.” (Writer’s italics.)
 

 Then follows a schedule classifying such vehicles and specifying the amount of the annual registration and license fee that shall be collected by the commissioner for each class. About the middle of this title, under the heading “Animal Drawn Vehicles,” on page 677 of the printed volume of the Acts of 1928, appears the following, viz.:
 

 “That upon all vehicles in commercial use, drawn by animals, except log wagons, the license fee shall be at the rate of twenty-five (25$) cents per hundred pounds of the rated carrying capacity,” etc. .
 

 The quoted provision is the only provision that we have been able to find in the statute that refers to animal-drawn vehicles. It is true the clause appears in the section of the act classifying and providing for the collection of fees for the registration and license of motor vehicles, trailers, and semitrailers, but in itself it purports to do nothing more than set forth what the license fee on animal-drawn vehicles in commercial use shall be. There is no provision made for the levy and collection of such fees. Title 3, referred to supra, expressly levies á registration and license tax on motor vehicles, trailers, or semitrailers, and title 5, referred to supra, provides for the manner of classifying and collecting the tax. Title 3 further sets forth the penalty for the violation of the registration provisions of the statute, applying solely to motor vehicles, trailers, or semitrailers.
 

 Title 7 is the general penalty clause of the act and provides that the violation of any of its provisions shall constitute and be punished as a misdemeanor unless such violation of the act or other laws of the state is declared to be a felony. The t'itle also provides that any violation of the statute therein or by the laws of the state declared to be a felony shall, in the absence of a different penalty, be punished as therein set. forth., .
 

 ' The statute nowhere imposes upon the owner of an animal-drawn vehicle the duty of registering such vehicle with the secretary of state and obtaining a license therefor. That may have been the legislative intent, but the fact remains that the intent was not expressed in the act itself.
 

 If the Legislature has inadvertently failed, to express its intention to declare that certain conduct shall’ be a crime or misdemeanor, the court is powerless to correct the error, no matter how plainly the conduct in question is within the mischief intended to be remedied by the statute. State v. Trapp, 146 La. 425, 73 So. 255; State v. Palanque, 133 La. 36, 62 So. 224; State v. Breffeihi, 130 La. 904, 58 So. 763, 40 L. R. A. (N. S.) 535. .
 

 The law is not prone .to extend punishments and penalties, and a penal statute should not be extended to derelictions of duty not specially and clearly described and comprehended in it. . Simms v. Bean, 10 La. Ann. 346.
 

 Our conclusion is that the act with which relator is charged cannot be brought within the terms of the statute relied on by the state.
 

 For the reasons assigned, the rule nisi herer in issued is made absolute; and, accordingly, the conviction and sentence of the relator are annulled, the motion to quash filed by him sustained, and he is ordered discharged wi th-out day.