181 So. 863

## TICHENOR v. TICHENOR.

### No. 34484.

May 2, 1938.

Rehearing Denied May 30, 1938.

Sydney J. Parlongue, of New Orleans, for appellant.

Hubert M. Ansley, of New Orleans, for appellee.

Rolla A. Tichenor, Sr., in pro. per.

FOURNET, Justice.

Plaintiff, a shareholder of record of the Dr. G. H. Tichenor Company, Ltd., instituted suit against Rolla A. Tichenor Sr., President of the corporation, to recover the sum of Forty-five Hundred Dollars ($4,500.00) as accrued penalties for the alleged neglect and refusal of the president of the corporation to furnish plaintiff with a verified annual report of the corporation for the year 1933, and for additional penalties at the rate of $50.00 per day until his compliance therewith, under the provisions of Section 39 of Act No. 250 of 1928.

We previously had this case for consideration on an appeal taken by plaintiff from a judgment of the lower court maintaining exceptions of no cause or right of action, predicated upon the unconstitutionality of Section 39 of the Act, and we maintained the constitutionality of the Act, overruled the exceptions and remanded the case to the lower court to be tried on the merits. 184 La. 743, 167 So. 427.

The defendant, in his answer, denied that he refused or neglected to comply with plaintiff's request and averred that "he promptly furnished plaintiff with a report as required by Section 39 of Act No. 252 of 1928 but through oversight failed to sign the report as president of the company." He further averred that "plaintiff studiously and purposely avoided calling defendant's attention to the oversight with a view of claiming the penalties herein sought."

On the trial of the case there was judgment dismissing the suit and plaintiff has appealed.

The Dr. G. H. Tichenor Company, Ltd., is a corporation organized under the laws of Louisiana, its main asset being a secret formula for the preparation of a popular antiseptic; and its shareholders are comprised mainly of the heirs and legatees of the late Dr. G. H. Tichenor, Sr., and his deceased widow. There is, and has been for some time, much bitterness and quarreling between plaintiff and the defendant. On February 12, 1934, the plaintiff addressed a letter to Dr. G. H. Tichenor Company, Ltd., its Board of Directors and the defendant, complaining that he had not received his monthly division of the profits of the corporation for the month of January, which letter also contained the following statement:

"You are again notified of failure on the part of the writer to receive annual report of company. Said report to be acceptable must contain all matters covered and prescribed by general corporation laws of Louisiana and properly attested by written signature of the company's legal officers."

On March 14th, plaintiff, through his attorney, by registered mail addressed to the corporation and its president, made formal demand for an annual report of the corporation. On March 24th, the defendant mailed to the plaintiff an exact copy of a report made the same day to

the secretary of state, containing the information required in Section 39 of Act No. 250 of 1928. It appears, however, that the report mailed to the secretary of state was not dated and the one mailed to the plaintiff was not signed. The plaintiff, in a letter addressed to the corporation and its president, the defendant, dated three days thereafter, called their attention to the contents of his letter of February 12 and added "as this and other demands have not been complied with I am going to file suit." Plaintiff did file mandamus proceedings against the corporation on the 3d day of April following to compel the corporation to furnish him with an annual report of the company under the provisions of Section 39 of Act No. 250 of 1928. There was judgment by the lower court ordering defendant to comply with the plaintiff's request. On appeal, by a divided court, the Court of Appeal for Orleans Parish, reversed the judgment of the lower court (159 So. 164), but on rehearing set aside their original opinion and affirmed the judgment appealed from (161 So. 198). Thereafter the defendant applied to this Court for a writ of certiorari to review the judgment of the Court of Appeal, which was refused.

Shortly after the rendition of the judgment of the lower court in the mandamus proceedings above referred to, plaintiff filed the instant suit.

Act No. 250 of 1928 is the general corporation law of the State of Louisiana providing for the "Incorporation, Regulation, Merger, Consolidation and Dissolution of Certain Corporations for Profit; to Provide Penalties for the Violation of Certain Sections Thereof; and to Repeal Certain Laws and All Other Laws Inconsistent Therewith." Under the provisions of Section 39 thereof, it is the mandatory duty of certain *officials* of every *corporation* to make and sign a report to the Secretary of State giving information therein required on or before the first day of February, annually, and, upon the request of any shareholder of record of any corporation, it is also made the mandatory duty of the *corporation* to send "to such shareholder, by mail addressed to his last known address, a report made and verified by the president or vice-president and secretary or assistant-secretary, containing the information * * * required to be contained in the last annual report of the corporation preceding said request." But while it is the mandatory duty of the *corporation* to furnish the report, as just described, it is further provided in the same section that "if either or all of *such officers* shall neglect or refuse to *make* and *mail* or *deliver* to such shareholder, within fifteen days after the written request by the shareholder to be furnished with *the statement hereinabove referred to,* they shall be under a penalty of fifty dollars, recoverable by such shareholder, for every day such officer or officers shall so neglect or refuse to *make* and *mail* or *deliver the statement hereinabove described."* (Italics ours.)

It is defendant's contention that in compliance with plaintiff's request he promptly, in good faith, mailed the report to defendant, reflecting a true and correct state-

ment and containing the information required under the express provisions of the act, which was not signed or verified through oversight; that such was a substantial compliance with the requirements of the act, particularly when not apprised of the technical defect complained of and having had no knowledge of it.

It is the universally recognized rule of law that statutes imposing penalties must be strictly construed and every doubt must be resolved against the imposition of the penalty. State v. Terrill, 169 La. 144, 124 So. 673; Vander Sluys v. Finfrock, 158 La. 175, 103 So. 730; State v. Breffeihl, 130 La. 904, 58 So. 763, 40 L.R.A.,N.S., 535.

The intent and purpose of the provisions of Section 39 of the Act was primarily to protect the investing public and necessarily the penalty is incidental to the primary object and we do not think that it was the intention of the lawmakers to penalize an officer who, acting in good faith, mailed the plaintiff an honest and accurate report, but through oversight failed to sign or verify the same, when it is obvious that the shareholder purposely refrained from pointing out the technical defect in the report in order to take advantage of the penalty feature of the statute.

For the reasons assigned the judgment of the lower court is affirmed.

O'NIELL, C. J., did not take part.