REID, Judge.
This is a suit brought by Mrs. Eleanor G. Smith, a shareholder in Shoreline Enterprises, Incorporated against Lawrence J. Chauvin Jr., an officer of that corporation for penalties in the amount of $50.00 per day from March 10, 1959 until she was furnished with a copy of the annual report for 1958 as provided by LSA-R.S. 12:39.
The defendant filed an answer admitting essentially all the allegations of the plaintiff’s petition but stated that the concern was without any money and had no money in its treasury during the year 1958-59 and 1960, and they were unable to even hire and pay for the services of an accountant to complete the closing of the books and preparing statements. Defendant further stated that he had not been negligent in any manner in not providing written statements to shareholders but had made particular effort to collect funds due the corporation so that they could hire an accountant to perform all the acts and do all the things necessary to render a report to the shareholders of the corporation.
*499 The matter was submitted to the Court and the Court rendered a judgment with written reasons granting the plaintiff the sum of $50.00 penalty with legal interest from date of judicial demand until paid and all costs.
From this judgment the plaintiff herein has appealed devolutively to this Court.
There is no dispute about the facts in this suit. Lawrence Chauvin admitted that he had never furnished plaintiff with the corporation’s annual report. Plaintiff, being a shareholder in Shoreline Enterprises, Inc., a Louisiana corporation, had requested on March 6, 1959 a copy of the said corporation’s annual report for 1958, which request was sent by certified mail to the defendant, who acknowledged its receipt.
This suit is brought pursuant to the provisions of LSA-R.S. 12:39 which reads in part as follows:
“Every corporation and every foreign corporation doing business in this state, shall once in every calendar year, upon the request of any shareholder of record, send to the shareholder, by mail addressed to his last known address a report made and verified by the president or vice-president and secretary or assistant-secretary, containing the information hereinabove required to be contained in the last annual report of the corporation preceding said request. If any officer neglects or refuses to make and mail or deliver to such shareholder, within fifteen days after the written request by the shareholder to be furnished with the statement hereinabove referred to, he shall be under a penalty of fifty dollars, recoverable by the shareholder, for every day such officer neglects or refuses to make and mail or deliver the statement hereinabove described.”
The Trial Judge in his written reasons found as follows:
“The depositions show that in this case the corporation of which the defendant was president, had been insolvent for a year or more before the demand was made for a copy of the corporation’s annual report of 1958; that such a report was non-existent, and that neither corporate nor personal funds were available to employ an accountant to prepare one; that the defendant had consulted an attorney during the years 1957, 1958 and 1959 for advice as to the conduct of corporate affairs; that acting upon such service he attempted to call a directors meeting; that not only was the attempt unsuccessful but that all other corporate officers resigned; that his attorney informed him that he “had no one to resign to” and that counsel recommended that he “consider himself no longer an officer but that he continue to care for all of the property of the corporation to the best of his ability — ”
The depositions further show that the defendant made an effort to borrow funds to purchase plaintiff’s stock in the corporation in order to settle the suit, but that the defendant was unable to raise the necessary funds.
It is obvious that LSA-R.S. 12:39 is a penal statute and has been so recognized by the Supreme Court in Tichenor v. Tichenor, 190 La. [77] 78, 181 So. 863. The Court stated that the statute “must be strictly construed and every doubt must be resolved, against the imposition of the penalty.” The Court found that the intent and purpose of the statute “was primarily to protect the investing public and necessarily the penalty is incidental to the primary object”, and that it was not the intention of the lawmakers to penalize an officer acting in good faith.
The evidence convinces us that neither the plaintiff nor the investing public suffered any loss as a result of any act of the defendant or of any failure to act; that corporate insolvency had occurred long before plaintiff made demand for a corporate statement; and that no corpo *500 rate statement nor any act of the defendant could have helped plaintiff to avoid the loss suffered by corporate insolvency. On the other hand, the defendant made an earnest effort, on the advice of counsel, to conserve the corporate assets and to reimburse plaintiff the amount of her investment. Hence, it appears to us that all of the acts of the defendant were in good faith; that equitably no penalty should be imposed upon an officer acting in good faith; and that “every doubt must be resolved against the imposition of the penalty.”
With this finding by the Trial Judge we are in accord.
Defendant has not taken any appeal from the judgment rendered herein, nor made any answer to the appeal.
For the foregoing reasons the judgment of the Trial Court is hereby affirmed at the costs of appellant.
Affirmed.