308 So.2d 369 (1975)
Dorothy Nell Wakefield, wife of William Clay JONES, Sr., Plaintiff-Appellant,
v.
DIBERT BANCROFT & ROSS CO., LTD., and John A. Ross, Defendant-Appellee.
No. 10135.
Court of Appeal of Louisiana, First Circuit.
February 10, 1975.
Rehearing Denied March 10, 1975.
*370 Thomas L. Giraud, New Orleans, for plaintiff-appellant.
Iddo Pittman, Jr., Hammond, for defendant-appellee.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
SARTAIN, Judge.
This suit was instituted by plaintiff, Dorothy Nell Wakefield Jones, as provisional administratrix and forced heir of the succession of Murrell Wakefield, against defendants, Dibert Bancroft & Ross Co., Ltd. and its President, John A. Ross, to compel performance by mandamus of specific corporate duties prescribed by L.R.S. 12:102-103. The trial judge rendered judgment in favor of defendants dismissing plaintiff's claim and plaintiff now prosecutes this appeal. We reverse for reasons assigned herein.
The record indicates that in August of 1972 plaintiff's attorney sent a letter to the defendant corporation advising them that he represented the heirs of Murrell Wakefield and the Succession of Murrell Wakefield and on their behalf requested "complete financial information" of the corporation.
A formal demand was later made upon the corporation in writing by letter dated September 21, 1972 and sent by registered mail. Therein plaintiff's attorney again advised defendant that he represented the Succession of Murrell Wakefield. He stated further that Murrell Wakefield was a deceased stockholder of the defendant corporation and on behalf of the succession demanded copies of balance sheets and profit and loss statements for the years 1968 through 1972. He further reminded defendant of penalties and costs provided for by law for failure to comply with his request. In response to this letter plaintiff's attorney received a letter from defendant corporation through its President and co-defendant, John A. Ross, stating that the corporation was closely held and did not divulge financial information.
As a result of this response, Dorothy Nell Wakefield Jones qualified and was appointed provisional administratrix of the Succession of Murrell Wakefield. Petition for mandamus was then filed on December 11, 1972 to compel the corporation to comply with the provisions of L.R.S. 12:102-103 and also seeking damages for the corporation's persistent refusal pursuant to L. R.S. 12:172.
Subsequently, after defendant asked for and was granted a continuance by the trial judge, on January 24, 1973, defendant complied with the provisions of L.R.S. 12:102. Thereafter, defendant obtained another continuance from the trial judge. On December 7, 1973, plaintiff's attorney informed defendant that pursuant to L.R.S. 12:103, as owner of 2.4 percent of the outstanding stock the Succession of Murrell Wakefield, through its attorney, would examine the corporate books on December 19, 1973.
The matter ultimately came to trial on February 22, 1974, during which plaintiff's attorney testified that when he examined the corporate records he was allowed access to all records except records containing addresses of the shareholders.
Plaintiff now seeks damages pursuant to L.R.S. 12:172(B)[1] of $50.00 per day *371 against John A. Ross, President of defendant corporation, for each day he refused to comply with the provisions of L.R.S. 12:102, following fifteen days from receipt of written request. Plaintiff further seeks to compel compliance with L.R.S. 12:103 in order to obtain the addresses of the present shareholders.
With respect to plaintiff's first contention that he is entitled to damages for defendant's failure to comply with the provisions of L.R.S. 12:102(B), the provisions of that statute state:
B. Every corporation, and every foreign corporation doing business in this state, shall once in every calendar year, upon the written request of any shareholder of record, deliver to the shareholder, or send to him by mail addressed to his last known address, a report signed by the president or vice-president and secretary or assistant secretary, containing the information hereinabove required to be contained in the last annual report of the corporation preceding said request, together with a condensed balance sheet (showing inter alia and separately the amounts of its stated capital, capital surplus and earned surplus) as of the last day of, and a combined statement of income and earned surplus for, the last preceding fiscal year ended more than four months before receipt of such request.
Appellant contends that written demand was received by defendants demanding disclosure of legally compelled information on September 25, 1972, and that penalties began to run fifteen days subsequent to that date, or on October 10, 1972. Defendant argues that this request was simply made by appellant's attorney and was not made by a shareholder of record as required by statutory law. He argues further that Dorothy Nell Wakefield Jones, provisional administratrix, was also not a shareholder of record within the meaning of the statute.
The issue is thus presented here whether the succession of a deceased stockholder can be considered a stockholder of record and thus assert the rights prescribed in L. R.S. 12:102(B), and if so, who is the proper party for the assertion of those rights.
It is well settled, and most recently recognized by this court in Danos v. Waterford Oil Co., 225 So.2d 708 (1 La.App., 1969), writ refused, (254 La. 856, 227 So. 2d 595), that upon the death of an individual his succession evolves and exists as a separate and distinct legal entity and will continue in existence until terminated by proceedings had pursuant to an administration conducted by an administrator or executor, or, an unqualified acceptance by the heirs. This succession entity consists, inter alia, of the rights a person is entitled to prior to death. C.C. Art. 872.
It was held by the Louisiana Supreme Court in Davidson v. American Paper Mfg. Co., 188 La. 69, 175 So. 753 (188 La. 69, 175 So. 753 [1937]), that the administrator of a succession owning the requisite proportion of stock could compel the corporation to call a special meeting of shareholders pursuant to statutory law, and further, as a prudent administrator, he had not only the right but the duty to vote the stock at that meeting. The court noted that any other conclusion would leave the succession as a stockholder unrepresented during the administration period which is frequently long, and thereby greatly prejudice its rights. Under this same line of reasoning we feel that a succession owning stock should also be permitted to assert the rights under L.R.S. 12:102(B). To hold otherwise would make the operations of the corporation clandestine with respect to the succession prior to the succession's termination and could possibly even affect a *372 decision by the potential heirs to accept or reject the succession.
As to defendants' argument that the demand of September 21, 1972 was not made by proper party, we again note the characteristic of a succession as a separate legal entity. The September 21 demand was made in the name of the Succession of Murrell Wakefield on behalf of the heirs. Defendant now seems to cast doubt upon the right of the attorney for the succession to make a binding request upon the corporation. There was no evidence at trial to indicate the attorney was not authorized by the heirs to make the request, and further, John Ross testified specifically that at the time of the request he did not question or ask for written documentation proving that the author of the request for information was in fact the attorney for the Succession of Murrell Wakefield.
Furthermore, we do not feel that the demands here made were required to be made by a succession representative appointed by a court. A succession is often without a formal representative simply because one is not needed. We feel as a practical matter it would be unfortunate policy to require a succession to be placed under formal administration for the sole purpose of obtaining information from a corporation which the corporation is otherwise required by law to divulge. It is not at all inconceivable that the very information here sought could determine the propriety vel non of a formal administration, and to force a decision to administer or not before the information is disclosed would indeed be an additional hardship upon an already difficult task. If the officer of a corporation should doubt the authority of the requesting party he should certainly be allowed to require proof of that authorization, but to ignore the request with impunity is beyond the legal bounds of our statutory law.
We are well aware of defendants' contention that the provisions of L.R.S. 12:172(B) are penal in nature and are therefore subject to the rule of stricti juris. This was so held by the Louisiana Supreme Court in Tichenor v. Tichenor, 190 La. 77, 181 So. 863 (1938). In the Tichenor case the court refused to allow recovery to a shareholder who had received requested information, but whose information had not been signed by the corporate officials. The court found this to be merely an oversight by the corporation.
In the case of Smith v. Chauvin, 212 So.2d 498 (1 La.App., 1968), the court again refused to impose the statutory penalty upon the corporation for failure to send the required information noting that the corporation had been insolvent for a year or more prior to the request and that the reports requested were non-existent and no money existed to employ accountants for their preparation. A similar result was reached in Leaman Corporation v. Morrison, 258 So.2d 691 (4 La.App., 1972), writ refused, 260 So.2d 323 (1972), wherein that court again noted that the reports requested were non-existent at the time and further, the corporation had no funds with which the reports could have been acquired or obtained.
In the present case, however, the record reveals absolutely no reason why the request for information was so strenuously and persistently denied. Counsel for defendant contends that the request of September 21, 1972 was vague and failed to mention the specific statutory provisions which formed its basis. However, we note that the request specifically asked for balance sheets and profit and loss statements. L.R.S. 12:102 specifically refers, inter alia, to balance sheets and income statements. Even after a more detailed description of the requested information was sent to the defendant, defendant still procrastinated in fulfilling the request.
A further distinction arises in the present case from the previously cited cases where no information was forthcoming in that in those cases the information requested was non-existent. In the present *373 case it appears that at least part, if not all of the information may have existed prior to the request. When defendant Ross was asked whether or not he filed annual reports with the Secretary of State, he replied: "We file all the required reports... we file dozens of reports to the government... I can't be certain about that ... to my knowledge we do everything we are supposed to do."
Accordingly, we find that the statutory penalty of $50.00 per day pursuant to L.R. S. 12:172(B) should be imposed upon defendant Ross for his arbitrary and capricious failure to comply with the provisions of L.R.S. 12:102(B), when properly requested by plaintiff to do so.
With respect to plaintiff's second contention that he has been refused examination of records revealing addresses of the shareholders, we find L.R.S. 12:103 clearly entitled him to this information. The provisions of that statute state:
§ 103. Corporate records; right of shareholder to inspect
A. Every corporation shall keep at its registered office, or at its principal place of business in or outside of this state:
(1) Books and accounts showing the amounts of its assets and liabilities, receipts and disbursements, and gains and losses; and
(2) Records of the proceedings of the shareholders, of the directors, and of committees of the board.
B. Every corporation shall keep at its registered office, or at its principal place of business or at the office of a transfer agent in or outside of this state, a share register, or a stock certificate record, giving the names of the shareholders, and showing their respective addresses, as and if furnished by each shareholder, the number and classes of shares held by each, and the dates on which the certificates were issued.
C. If the records required by subsections A and B of this section are not kept at the registered office, information as to their location shall be made available at the registered office. Such records may be in written form or in any other form capable of being converted into written form within a reasonable time.
D. Upon at least five days' written demand, any shareholder, except a business competitor, who has been the holder of record of at least two per cent of all outstanding shares of the corporation for at least six months, shall have the right to examine, in person or by agent or attorney, at any reasonable time, for any proper and reasonable purpose, any and all of the records and accounts of the corporation, and to make extracts therefrom. Two or more shareholders, each of whom has been a holder of record of shares for the period aforesaid, and whose aggregate holdings equal the percentage aforesaid, may join in such request and jointly exercise these rights. Holders of voting trust certificates representing shares of the corporation shall be regarded as shareholders for the purposes of this section. In case of stock held or acquired by, or held by or through an interposed person for, a business competitor, or a person who owns stock or is otherwise interested in a corporation which is a business competitor, he or it must own not less than twenty-five per cent of all outstanding shares of the corporation for a period of six months before he or it may demand the rights and privileges as set forth in this subsection. Nothing contained in this subsection shall impair the power of the court (1) to deny the right of inspection as to confidential matters, or (2) to order the production of documents pursuant to, and subject to the limitations of, *374 applicable provisions of the Code of Civil Procedure.
E. Subject to such restrictions or qualifications as may be stated in the articles or by-laws, or in a resolution of shareholders adopted by a majority of the voting power present, a corporation may confer upon the holders of bonds, debentures or other obligations of the corporation, the right of inspection of records and accounts, and any other rights which the shareholders of the corporation may have.
However, defendant contends that this issue is not now properly before the court as the demand for inspection was not made until a year after the present suit was filed. To this appellant replied that no demand was made prior to filing the suit in light of the September 25, 1972 letter which informed him that no financial information would be divulged by the defendant corporation.
While the defendant's argument may have some merit on its face, it falls in light of the fact that evidence on this specific issue was introduced at trial without objection. The letter setting forth the time and date of the proposed inspection as well as testimony depicting the extent of that inspection was produced by plaintiff without objection from defendant. Therefore, we feel the issue was properly before the court, with any defects in the pleadings later cured. See C.C.P. Art. 1154.
Accordingly, the judgment of the trial court dismissing plaintiff's demand is reversed and judgment is entered in favor of plaintiff against the defendant, John Ross, for $50.00 per day commencing October 10, 1972, and terminating January 24, 1973, or a total of $5300.00. It is further ordered that plaintiff be allowed to examine the corporate books of the defendant corporation pursuant to L.R.S. 12:103 and be allowed to extract therefrom the addresses of the present shareholders. All costs of these proceedings are to be borne by defendants.
Reversed and rendered.
NOTES
[1] § 172. Penalties.

B. If any officer of a corporation neglects or refuses to mail or deliver to any shareholder, within fifteen days after receipt of a written request by the shareholder therefor, the report prescribed by R.S. 12:102(B), he shall be under a penalty of fifty dollars, recoverable by the shareholder, for every day such officer neglects or refuses to mail or deliver the report thereafter.