347 So.2d 48 (1977)
Lee F. REDEMER, Plaintiff-Appellant,
v.
Brooks S. HOLLIS and Trailer Equipment Manufacturing Company, Inc., Defendants-Appellees.
No. 13240.
Court of Appeal of Louisiana, Second Circuit.
May 23, 1977.
Rehearing Denied June 22, 1977.
C. Sherburne Sentell, Jr., Minden, for plaintiff-appellant.
Fish & Montgomery by John W. Montgomery, Minden, Cook, Clark, Egan, Yancey & King by Sidney E. Cook, Shreveport, for defendants-appellees.
Before PRICE, HALL and JONES, JJ.
En Banc. Rehearing Denied June 22, 1977.
*49 HALL, Judge.
Alleging he is the owner of 5% of the outstanding shares of Trailer Equipment Manufacturing Co., Inc., plaintiff, Lee Redemer, brought this mandamus action to compel the corporation and its president, Brooks S. Hollis, to issue him a stock certificate reflecting his interest in the corporation, to furnish him information as required by LSA-R.S. 12:102 B, and to allow him to inspect the corporation's business records as required by LSA-R.S. 12:103 D. Plaintiff also sought penalties, costs and expenses, including attorney's fees, under LSA-R.S. 12:172 B and D, for failure of the corporation and its president to comply with his request for the items mentioned. In response defendants took the position that plaintiff is not a shareholder in the corporation and, therefore, was not entitled to the information and inspection sought; or, alternatively, that the defendant officer was in good faith in believing that plaintiff was not a shareholder. After trial, the district court found that plaintiff was a shareholder and entitled to be issued a stock certificate and to exercise the rights of a shareholder, but the court found that the defendant was not in bad faith and denied penalties, costs and expenses. Plaintiff appealed. For reasons set forth in this opinion we amend the judgment for purposes of clarification and otherwise affirm.
Trailer Equipment Manufacturing Co., Inc. was organized on March 22, 1966. Hollis owns 89 of the 100 shares originally authorized and issued. The remaining 11 shares are held by three other persons.
Plaintiff invested $5,000 in the corporation on November 21, 1967. The transaction is evidenced by the following letter:
 "November 21, 1967
 Mr. Lee Redemer
 1102 Tillman Drive
 Minden, La.
This is to show receipt for five thousand dollars ($5,000.00) for payment in full for five per cent (5%) interest in Trailer Equipment Manufacturing Co., Inc. of 105 S. Penn. Avenue, Minden, La.
This letter of receipt shows ownership of this interest as of November 21, 1967, pending revision of the company charter, at which time you shall be issued the proper stock certificates in the amount stated above.
 Trailer Equipment Mfg. Co., Inc.
 S/Brooks S. Hollis
 Brooks S. Hollis, Pres."
The corporation thereafter had serious financial difficulties but emerged from those difficulties and began showing a profit sometime in 1975. The reorganization or revision of the company charter mentioned in the letter never took place, and plaintiff never received any stock certificates. In September, 1975, plaintiff's attorney wrote a letter to the president of the defendant corporation demanding that plaintiff be issued a stock certificate and be furnished reports giving certain information concerning the business of the corporation. A second letter was written in June, 1976 and mailed by certified mail, but was refused or unclaimed by defendant. This letter reiterated the previous request and also demanded inspection of the corporate records. Defendant did not respond to or comply with these demands. Suit was filed in August, 1976.
The principal error asserted by plaintiff on appeal is the failure of the district court to award statutory penalties, costs and expenses because of defendant's failure to furnish plaintiff with the requested reports or to allow plaintiff to inspect the business records of the corporation. Plaintiff also complains that the judgment should be more specific in ordering defendants to issue the stock certificate immediately, to allow immediate inspection of the records and to order that plaintiff be furnished with the requested reports.
LSA-R.S. 12:172 is a penal statute and is to be strictly construed. Penalties are not favored in the law and all doubts must be resolved against imposition of the penalty. Tichenor v. Tichenor, 190 La. 77, 181 So. 863 (1938); Smith v. Chauvin, 212 So.2d 498 (La.App. 1st Cir. 1968).
*50 Construing the applicable statutes strictly in the context of determining whether penalties should be imposed, we conclude plaintiff is not a "shareholder" entitled to exercise the rights provided in LSA-R.S. 12:102 B and 103 D and entitled to penalties under LSA-R.S. 12:172 B and D.
Plaintiff's right to be furnished the report and to be allowed to inspect corporate records, and to penalties for failure of the corporation or its officers to comply, depends initially on whether plaintiff is a "shareholder" or "shareholder of record", the terms being synonymous under the statute. LSA-R.S. 12:1 defines "shareholder" as "the holder of record of one or more shares." "Shares" means "the units into which the shareholders' rights to participate in the control of the corporation, in its profits or in the distribution of corporate assets, are divided."
The letter evidencing the agreement between the corporation and plaintiff amounts to a subscription and makes plaintiff a subscriber, defined in the statute as "one who subscribes for shares in a corporation, whether before or after incorporation."
The articles of incorporation authorize the issuance of 100 shares of no par stock. At the time the agreement was made, there were 100 shares issued and outstanding, none of which were held by plaintiff in fact or according to the corporate records. In order for the corporation to comply with its agreement, it is necessary, as the letter indicates, for additional shares to be authorized by appropriate action of the shareholders of the corporation. See LSA-R.S. 12:24, 33 and 53. Until that is done, there are no authorized shares of the corporation of which plaintiff could be the owner or holder of record. He is not at this time a shareholder and, consequently, is not afforded the specific rights granted to shareholders by LSA-R.S. 12:102 B and 103 D. It follows that the defendant officer of the corporation was not required to furnish the report or allow inspection and cannot be cast for penalties for refusing to do so.
A corporation is allowed to rely entirely on its records in determining entitlement to access to financial information. LSA-R.S. 12:79 provides:
"Except as otherwise provided in the articles or by-laws, a corporation, and its directors, officers, and agents, may recognize and treat a person registered on its records as the owner of shares, as the owner in fact thereof for all purposes, and as the person exclusively entitled to have and to exercise all rights and privileges incident to the ownership of such shares; and rights under this section shall not be affected by any actual or constructive notice which the corporation, or any of its directors, officers or agents, may have to the contrary."
Plaintiff is not registered on the corporation's records as the owner of shares. He must compel the corporation to list him as a shareholder prior to exercise of the rights given to shareholders of record.
Plaintiff is not without legal recourse. Defendant concedes plaintiff is entitled to judgment in this mandamus proceeding requiring the corporation and its officers to take appropriate steps to authorize and issue plaintiff the shares to which he is entitled. The judgment orders the corporation to issue plaintiff a share certificate for a 5% interest in the corporation. Plaintiff argues the judgment should order the corporation to act "immediately." A specific time limit for the appropriate corporate action should be set forth in the judgment and the judgment will be amended accordingly.
Plaintiff asks that the judgment be amended to order the furnishing of the report and to allow inspection immediately. He is not entitled to that relief because he is not at this point a shareholder as defined by the statute. At such time as plaintiff becomes a shareholder, he will be entitled to the rights granted by LSA-R.S. 12:102 B and 103 D.
That part of the judgment of the district court ordering the issuance of a stock certificate is amended and recast as follows:
*51 It is ordered, adjudged and decreed that the writ of mandamus issued herein be made absolute in part, and the corporation and Hollis are commanded to cause the authorization of additional shares of the corporation and to issue a share certificate to plaintiff evidencing his ownership of 5% of the total shares of the corporation issued and outstanding, all within thirty (30) days after this judgment becomes final.
As amended, the judgment is affirmed. The costs of appeal are assessed to the defendant-appellee.
Amended, and as amended, affirmed.