KEHOE, Judge.
Appellants, defendants and counterplain-tiffs below, bring this appeal from a summary final judgment entered by the trial court on May 6, 1977, in favor of appellee, plaintiff and counterdefendant below. We reverse.
Appellee filed a complaint for declaratory judgment against appellants seeking a declaration of its rights and obligations under Section 607.157(4), Florida Statutes (1975), relating to appellants’ rights as shareholders to inspect and make extracts from books and records, etc., of appellee. The record shows that on April 26, 1976, appellants wrote to appellee stating that they were stockholders who owned in excess of 5% of the outstanding shares of the common stock of appellee and requested, pursuant to Section 607.157 to examine the books and records, etc., of appellee for the following purposes:
“The purpose of this inspection is to evaluate the current financial transactions of BELCHER OIL COMPANY and subsidiaries. The purpose is also to determine the financial impact which will occur to our stock in the Company by reason of the fact that Florida Power and Light Company did not renew its contract with BELCHER OIL COMPANY.”
A subsequent written demand by appellants to examine the books and records, etc., of appellee was made on June 30, 1976. According to this demand, appellants’ agent, a certified public accountant, had not been provided with the records and documents previously requested. Appellants, by this demand sought to examine certain specified records for following purposes:
“. The examination of the appropriate books of account and records relating to directors and specifically, the Carpenter and McKenzie transactions, are for the purpose of determining whether or not such transactions are in the best interest of the corporation.”
s(: * sfc ‡ $ ‡
“It should be noted that there has been a dramatic increase in expenditures for professional services since October 1973, and there has been a dramatic increase in salaries. Our clients, who are stockholders submitting the demand, therefore, wish to examine the appropriate books and records of account of Belcher Oil Company to determine the reasonableness of such executive salaries, as well as the reasonableness of such professional services.”
*157 Another written demand to examine the books and records, etc., whose examination had been refused, was made by appellants on July 2, 1976.
Thereafter, appellants filed a separate mandamus action against appellee and its corporate officers to compel production of appellee’s books and records, etc., and for recovery of the 10% statutory penalty pursuant to Section 607.157. This proceeding was dismissed and appellants pursued their action by filing a counterclaim in the instant case.
In their counterclaim, appellants alleged, among other things, that they were shareholders of record of appellee of more than 5% of the outstanding shares of the company and had held such shares for a period in excess of six months prior to their written demands for examination of the books and records, etc., of appellee; that such written demands for examination were made on April 7, and 26, June 30, and July 2, 1976, for examination at a reasonable time of the books and records, etc.; that each demand was for a proper purpose described therein; that, contrary to Section 607.157(4) and (5), appellee had refused to allow them such examination; and that appellee had refused to comply with Section 607.157 by filing an action for declaratory judgment. Appellants’ counterclaim sought to have the trial court determine as a matter of law that the purpose for the demands made by them was proper; to determine as a matter of fact that there was a refusal within the meaning of Section 607.157; to determine the value of their shares on the date of the refusal and to assess appropriate damages together with the statutory 10% penalty; and to compel production of the books and records, etc.
In response to appellants’ counterclaim, appellee, among other things, filed an amended motion for summary judgment. As grounds for its motion, appellee stated that appellants lacked the requisite standing to prosecute their counterclaim because they were no longer holders of record of any of the outstanding shares of appellee; that, even if appellants had standing, it had complied with each and every reasonable request made by appellants; and that its filing a declaratory judgment action constituted good faith compliance with the requirement of Section 607.157. Thereafter, the trial court granted appellee’s motion for summary judgment and concluded that there was no genuine issue as to any material fact. From the summary final judgment entered by the trial court, appellants bring this appeal.
Among the points raised by appellants on appeal, we believe the following are dispositive of this appeal. First, in regard to the question of whether appellants had standing to prosecute their counterclaim, we are of the opinion that they did have such standing. There is no question in the record that appellants were shareholders of appellee and owned the requisite number of shares at the time each demand was made for examination of the books and records, etc. It was not until February 18, 1977, that appellants, pursuant to a tender offer, sold their shares in appellee. Appel-lee argues that by this conveyance, appellants lost their standing, thereby, rendering their counterclaim moot.
Our examination of Section 607.-157(4) and (5), Florida Statutes (1975), reveals that it was derived from and is substantially similar to current Section 52 of the Model Business Corporation Act. Section 52 of this Act was derived from Section 157.45, Chapter 32, of the Illinois Annotated Statutes, known as the Illinois Business Corporation Act, and the penalty provision contained within the Illinois Act was originally derived from Section 38 of the Illinois General Act promulgated in 1973. In our opinion, the Florida Legislature intended to adopt Section 607.157 as construed by the Illinois courts based upon the facts that the Illinois Statute constitutes the original source of Section 607.157 and the Illinois Statute are substantially identical. The Illinois court in interpreting Section 157.45, of the Illinois Act in the case of McCormick v. Statler Hotels Delaware Corporation, 55 Ill.App.2d 21, 203 N.E.2d 697 (1964), has held as follows:
*158 “It seems clear, therefore, that one need not be a shareholder of a corporation at the time the case comes to trial, or even at the time the suit is filed. A properly qualified shareholder has a cause of action if he is refused permission to see the books and records for a proper purpose. What he does with the stock thereafter does not matter so far as the penalty is concerned. The ten percent fine is in the statute to punish corporate officers or a corporation which violates its legal duty to a shareholder to permit such shareholder to use the corporate books and records, including stockholder lists, for a proper purpose. That duty is breached when the refusal is made. A shareholder does not waive his right to sue for this breach of duty by subsequently selling his stock any more than one waives the right to sue for damages done to an automobile when he sells his car. The case is not a moot one.” Id. 203 N.E.2d at 701.
It is generally accepted that where a Florida statute is patterned after a statute of a sister state, particularly where a uniform law is involved, it is proper to rely upon judicial constructions placed upon the statute by courts of the sister state whose statute provided the “model.” Further, we note that Section 607.157 has not been interpreted by the courts of this State. See State v. Aiuppa, 298 So.2d 391 (Fla.1974); and James Talcott, Inc. v. Crown Industries, Inc., 323 So.2d 311 (Fla. 2d DCA 1976). Further, this promotes the uniformity of such laws. See Mason v. Avdoyan, 299 So.2d 603 (Fla. 4th DCA 1974).
Our review of the matter leads us to the opinion that, pursuant to Section 607.-157, a shareholder’s sale of his shares, which sale is made after a proper written demand for inspection, etc., and after a refusal for such inspection, etc., by a corporation, does not preclude his right to maintain an action for a penalty as provided within Section 607.157(4) and (5). Further, in our opinion such cause of action for a penalty accrues and remains from the time that a proper written demand was made and subsequently refused, i. e., the cause of action relates back to the time that a proper demand was made.
In the light of this determination, the second point which we will discuss relates to question of whether the filing of a declaratory judgment action by appellee constituted good faith compliance or a refusal under Section 607.157 warranting the imposition of a penalty. In response to appellants’ requests for inspection, appellee allowed appellants and their accountant to examine and make extracts from many fundamental corporate documents. It also provided appellants with a conference room in which to examine the documents and offered to photocopy any portion of those documents. Appellee did withhold some documents from appellants, but it never said that it would refuse to show these documents to appellants under any circumstances. Instead, appellee filed a declaratory judgment action asking the trial court to determine whether the withheld documents were “relevant books and records of accounts, minutes, and record of shareholders” that must be made available for inspection under Section 607.157. Appellee also agreed to make some of the withheld documents available for appellants if appellants would agree to keep them confidential. Further, as stated by appellee, Section 607.-157 has not been construed by a Florida court to specify precisely which documents are encompassed within the phrase “relevant books and records of accounts, minutes, and record of shareholders.” Additionally, as stated by appellee, it was aware that the courts of several other states with similar statutory provisions have indicated that not every corporate document comes within the meaning of the phrase set forth above.
Under these circumstances, it is our opinion that appellee’s action in seeking a declaratory judgment for judicial guidance was a rational one and should not in or of itself automatically constitute a refusal, thereby, warranting the imposition of the penalty provided for in Section 607.157. When, as here, a corporation has complied with Section 607.157 as far as it feels it *159 legally can and then files a declaratory judgment in good faith, even though there may be a technical refusal, we do not think that this is the type of refusal contemplated within the statute which would require the automatic and mechanical imposition of a penalty. See Wood, Walker & Co. v. Evans, 461 F.2d 852 (10th Cir. 1972); McCormick v. Statler Hotels Delaware Corp., 55 Ill.App.2d 21, 203 N.E.2d 697 (1964); and Smith v. Chauvin, 212 So.2d 498 (La.App.1968). But see Miles v. Bank of Heflin, 295 Ala. 286, 328 So.2d 281 (1976). We think that the correct interpretation of Section 607.157 is that the trial court may award a penalty, in a sum up to ten percent of the value of a shareholder’s shares, but that such award is within the sound discretion of the trial court and that, in view of all the circumstances in a case, the award may be withheld if it would not serve the ends of justice.
This leads us to the third point which we must discuss. That point is whether, because of our determination that the filing of appellee’s declaratory judgment action was not an “automatic refusal,” a violation of Section 607.157 has occurred which would entitle appellants to the statutory penalty. This question was settled adversely to appellants by the trial court when it entered summary final judgment in favor of appellee. The question of appellee’s compliance with appellants’ requests and the relevancy of the documents, etc., requested for inspection presented the trial court with genuine issues of material fact which could not properly be resolved at this stage of the proceedings by summary judgment. We further note that not all of appellants’ discovery was complete at the time of the entry of the summary final judgment appealed. See, e. g., National Airlines v. Florida Equipment Co. of Miami, 71 So.2d 741 (Fla.1954); and Fla.R.Civ.P. 1.510.
Accordingly, for the reasons set forth above, the summary final judgment appealed is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.