PER CURIAM.
This is an appeal by a corporation from a final judgment which reads in part:
On the evidence presented, the court finds:
A) The Defendant has failed to allow examination of its books and records as required by F.S. 607.157.
B) The value of a share of the Defendant is $3,000.00.
C) The Plaintiff, WILLIAM G. FON-TAINE, holds 86 shares of the Defendant.
D) The Plaintiff, HARRY L. WHITMER holds 31 shares of the Defendant.
*1216 Accordingly, it is
ORDERED AND ADJUDGED as follows:
1. The Defendant, FAIL SAFE INDUSTRIES, INC., a Florida corporation, shall provide the Plaintiffs, WILLIAM G. FONTAINE and HARRY L. WHITMER, with statutory access to its books and records forthwith.
2. That Plaintiff, WILLIAM G. FON-TAINE, recover from the Defendant, FAIL SAFE INDUSTRIES, INC., a Florida corporation, the sum of $25,800.00 for which let execution issue.
3. That Plaintiff, HARRY L. WHIT-MER, recover from the Defendant, FAIL SAFE INDUSTRIES, INC., a Florida corporation, the sum of $9,300.00 for which let execution issue.
We affirm except for the amount of the penalty.
The corporation raises four points. The first is that the trial court erred in finding that the corporate books and records were not made available to the stockholders. This was a disputed issue of fact; and there is sufficient evidence in the record to support the finding. The latter is also true of appellant’s fourth point; namely, the value ascribed in paragraph B of the final judgment to the stock. The two other points involve the corporation’s assertion that the trial court erred in imposing what appellant describes as the “maximum penalty” provided by section 607.157(5), Florida Statutes (1985), which provides, in part:
Any officer or agent who, or corporation which, shall refuse to allow any such shareholder or holder of voting trust certificates or his agent or attorney so to examine and make extracts from its books and records of account, minutes, and record of shareholders for any proper purpose shall be liable to such shareholder or holder of voting trust certificates in a penalty of 10 percent of the value of the shares owned by such shareholder, or in respect of which such voting trust certificates are issued, in addition to any other damages or remedy afforded him by law. -
Without the benefit of some history of the statute, it would clearly be a flat penalty, rather than any sliding scale which the trial court could apply. However, we shall assume that when the legislature had the proposed bill before it, also present were the Illinois statute upon which it was based and the judicial interpretation of the statute by Illinois courts. We know that in McCormick v. Statler Hotels Delaware Corporation, 55 Ill.App.2d 21, 203 N.E.2d 697 (1964), the court said:
It seems unjust to say that as a matter of law a corporation must pay what in some cases could be a very sizeable penalty because it made a wrong guess as to what a court would decide. Surely a trial judge has it in his power to reduce the penalty from the ten per cent maximum in a proper case, and we have been presented with no evidence nor any convincing argument to rebut the presumption that the Court below acted properly in this matter. Whitney v. Madden, 400 Ill. 185, 79 NE2d 593 (1948).
Id. at 702. Whether we agree or disagree with the Illinois’ court’s views is not material as we quote it only to show what knowledge we believe the Florida legislature had when it enacted the current statute.
Accordingly, while we do not actually know why the Third District Court of Appeal held that the statutory penalty was a sliding scale in Fritz v. Belcher Oil Company, 363 So.2d 155 (Fla. 3d DCA 1978), we are grateful for its historical reference which led us to the Illinois decision excerpted above. Interestingly enough, Illinois has now amended its statute. Section 157.-45 has now been repealed and replaced by Section 7.75, which provides for a penalty of “up to ten per cent.”
We are aware of other courts’ undertaking judicial policymaking on the question. Some are aligned with Illinois. See Wood, Walker & Co. v. Evans, 461 F.2d 852, 855 (10th Cir.1972); Schwartzman v. Schwartzman Packaging Company, 99 N.M. 436, 659 P.2d 888, 892 (1983); and Smith v. Chauvin, 212 So.2d 498 (La.App.1968). We also recognize that Alabama’s *1217 highest court has rejected the rationale of McCormick. See Miles v. Bank of Heflin, 295 Ala. 286, 328 So.2d 281 (1976).
In any event, we need to know whether the trial court felt it was bound to a flat penalty, as its final judgment does not say. Accordingly, while we otherwise affirm, we are compelled to reverse and remand with direction that the trial court determine what penalty, in the exercise of its discretion, should be awarded. We request it to recite its findings and criteria with such specificity as practicality will permit.
ANSTEAD and GLICKSTEIN, JJ., and FEDER, RICHARD Y., Associate Judge, concur.