Dear Mr. Cummings:
This office is in receipt of your request for an opinion of the Attorney General in regard to policies and procedures adopted over the years by the Bossier Parish Police Jury. You ask if a policy that has been voted on by the majority of the police jury is violated by a member of the police jury, does the police jury have authority to impose any kind of penalty or reprimand. Additionally, you ask, if not, would the police jury be able to vote on some type of penalty to be enforced if the policy is broken.
R.S. 33:1236 provides in paragraph (1) that the police jury shall have the Power "to make regulations for their own government." This office has recognized that the regulation may be accomplished by the adoption of by-laws, rules or Procedure, or incorporated into a home rule charter duly enacted by the parish voters. Atty. Gen. Op. No. 91-416.
Laws which authorize the imposition of a Penalty are to be strictly construed and cannot be extended to Powers not authorized by the letter of the law, even if within its spirit. Gibbs Const. v. Dept. of Labor, 540 So.2d 268 (La. 1989). Moreover, Penalties are not favored in the law and all doubts must be resolved against imposition of a Penalty. Redemer v. Hollis, 347 So.2d 48 (La.App. 1977).
While the police jury has the power to establish its own policy and procedures, imposition of a Penalty for violation must be established by a majority vote and be clearly defined as the Penalty for such violation before imposed. Penalties cannot be arbitrary and capricious.
We hope this sufficiently answers your questions, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/2071f