### TICHENOR v. DR. G. H. TICHENOR CO., Limited.
### No. 14971.

Court of Appeal of Louisiana. Orleans. Feb. 4, 1935.

R. A. Tichenor, Sr., of New Orleans, for appellant.

S. J. Parlongue, of New Orleans, for appellee.

JANVIER, Judge.

Relator, Dr. George H. Tichenor, Jr., proceeding under section 39 of Act No. 250 of 1928, seeks to compel respondent corporation to file with the secretary of state of the state of Louisiana, and to also furnish to relator, an annual report for the year 1933 prepared and verified in accordance with the said statute.

That statute, which sets forth the general law of Louisiana with reference to the formation, operation, and control of corporations, provides in the said section for the filing of an annual report with the secretary of state, and also requires that every corporation shall "once in every calendar year, upon the request of any shareholder of record, send to such shareholder, by mail addressed to his last known address, a report made and verified by the president or vice-president and secretary or assistant-secretary, containing the information hereinabove required to be contained in the last annual report of the corporation preceding said request," and further provides that for neglect or refusal to do so the officers "shall be under a penalty of fifty dollars, recoverable by such shareholder, for every day such officer or officers shall so neglect or refuse to make and mail or deliver the statement hereinabove described."

In the district court the alternative writ of mandamus was made peremptory, and respondent has appealed.

The corporation concedes that it is required by the statute to file the said report with the secretary of state and also to furnish a copy to any stockholder who may make request therefor, but it contends that it has substantially complied with the statutory requirement.

■ When the report was made to the secretary of state, he refused to accept it, since it lacked proper verification, but, upon his returning it to the corporation, the proper officials signed and verified it and returned it, and he, the said secretary of state, makes no complaint thereto at this time, so that, so far as he is concerned, it is manifest that the writ of mandamus must be recalled.

When, on February 12, 1934, the relator made demand upon the corporation for a copy of the report, he couched his demand in the following language: " * * * You are again notified of failure on the part of the writer to receive Annual Report of Company. Said report to be acceptable must contain all matters covered and prescribed by General Corporation Laws of Louisiana and properly attested by written signature of the Company's legal officers. Failure to

receive report promptly, suit will be filed and any cost of court or attorneys fees resulting from officers non-performance of duty will be protested and suit for recovery of funds thus expended filed."

On March 23 relator received a copy of the report, which copy bore neither signature of officials nor verification. However, the relator did not call attention to these deficiencies, but on March 27 sent to respondent corporation a telegram reading as follows: "On February twelve, 1934, by letter G.H. T./B.S.T. I made the following demand you are again notified of failure on the part of the writer to receive annual report of Company said report to be acceptable must contain all matters covered and prescribed by general corporation laws of Louisiana and properly attested by written signature of the companys legal officers, etc. as this and other demands have not been complied with I am going to file suit."

It will be noted that this telegram did not refer to the report as lacking verification or signatures nor did it indicate that any report had been received. On April 3 this suit was filed.

While relator was undoubtedly entitled to a report properly signed and verified, it was his duty on receiving a defective report to call attention to the defects and to demand that the signatures and verification be furnished.

██ The statute provides that it is only a stockholder who makes request for a statement who is entitled thereto, and we do not think that a stockholder who makes a request for such statement and is furnished one by the officers acting in good faith can rush into court in an obvious effort to take advantage of the penalty feature of the statute, unless he first calls attention of the officials to the defects and waits a reasonable time for them to supply the deficiencies.

The officials of the corporation knew that they had sent plaintiff an annual statement as he had requested, and, until he called their attention to the particular features thereof about which he complained, they would have no means of knowing what he required.

We agree with the respondent that "the failure of plaintiff to get a report which was signed, is due solely to his own fault and not to any neglect, failure or refusal to furnish the report properly signed."

We believe that relator has not laid the proper foundation by making the proper request for the report, and it necessarily follows that the judgment appealed from must be reversed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that the alternative writ of mandamus be and it is recalled and annulled at the cost of relator.

Judgment reversed. Alternative writ of mandamus recalled.

LECHE, Judge (dissenting).

The majority opinion correctly and succinctly states the facts in this case; however, as my appreciation of the law leads me to a different conclusion, I must respectfully dissent.

Paragraph 1 of section 39 of Act 250 of 1928 reads as follows:

"1. Annually on or before the first day of February in each year it shall be the duty of the President, Treasurer, or other proper officer, or of any two directors of every corporation, to make and sign a report to the Secretary of State, stating specifically, the following facts:

"(1) The post-office address of its registered office;

"(2) The names and post-office addresses of its resident agents;

"(3) The post-office address or addresses of its place or places of business within or without this State;

"(4) The names and post-office addresses of all of its directors and officers and when the term of each expires;

"(5) Its capital stock;

"(6) The number of shares of each class of its authorized capital stock, and the par value, if any, of each class;

"(7) The number of shares of each class actually allotted;

"(8) The number of shares of each class actually issued;

"(9) The date appointed for the next annual meeting of its shareholders for the election of directors."

The above paragraph makes it the duty "of the President, Treasurer, or other proper officer, or of any two directors of every corporation, to make and sign a report to the Secretary of State, stating specifically, the following facts." The language is clearly mandatory. The pertinent part of paragraph 2 of the same section of the statute reads: "* * * Every corporation organized un-

der the laws of this State, and every foreign corporation doing business in this State, shall once in every calendar year, upon the request of any shareholder of record, send to such shareholder, by mail ·addressed to his last known address, a report made and verified by the president or vice-president and secretary or assistant-secretary, containing the information hereinabove required to be contained in the last annual report of the corporation preceding said request."

In my opinion, the intent and purpose of this provision was to protect the investing public by guaranteeing to it direct, accurate information relative to the affairs of the corporations in whose stocks it had invested, verified by the proper officers of the corporation. The statute carefully and specifically sets forth the information to be contained in the report, and does not even require that the request of the shareholder be made in writing. Large corporations have thousands of shareholders, many of whom are illiterate and without the means of obtaining legal advice. To hold that such persons shall point out to the corporate officers wherein the report is lacking in 'the requirements of the statute is, in my opinion, to defeat the purpose of the legislation. Perhaps such persons could not understand the report after receiving it. The law, however, cannot supply intelligence, but it can and does seek to protect in so far as possible those in whom this quality is lacking. It will be noted that the report to the secretary of state is only required to be signed, but that to the shareholder is required to be verified. This is further evidence of the protection sought to be given the shareholder by the statute.

The report furnished in this case was neither signed nor verified, and to deny the relief sought is to hold that such a document is in compliance with the act. As I see it, the terms of the section do not admit of substantial compliance, and omission of any of the specified requirements does not satisfy the statute.

While it is true that, to hold the corporate officers to the penalty prescribed by the act, the request must be made in writing and fifteen days must elapse therefrom, this is not a prerequisite to a suit for mandamus to compel the furnishing of the report. In fact, the admission of the request for the report in the answer is sufficient ground upon which to make the alternative writ of mandamus peremptory. I quite agree with the reasoning of the majority in so far as the assessment of the penalty is concerned, but that is an entirely different matter. As our courts have held repeatedly that the exception of vagueness does not lie as to facts peculiarly within the knowledge of the exceptor, so the plea as to the failure of the shareholder to specify wherein the report is lacking does not lie as to the corporate officers, whose mandatory duty it is to make, verify, and furnish the report upon request, and who are peculiarly situated as to know what should be contained therein.

I share the view of our learned brother below, and respectfully dissent from the majority opinion of this court.