### TICHENOR v. DR. G. H. TICHENOR CO., LIMITED.*

### No. 14971.

Court of Appeal of Louisiana. Orleans.

May 13, 1935.

R. A. Tichenor, Sr., of New Orleans, for appellant.

S. J. Parlongue, of New Orleans, for appellee.

JANVIER, Judge.

The facts which gave rise to this litigation are adequately stated in our original opinion. See 159 So. 164.

All of the members of the court, when that opinion was rendered, felt that the corporation had not complied with the requirements of section 39 of Act No. 250 of 1928 for the reason that the copy of the annual report which had been furnished to the relator had not been properly attested and verified in accordance with the provisions of that section of the statute. But a majority of the members of the court felt that, since the obligation to furnish to a stockholder such a copy of the annual report arises only when the stockholder has made demand therefor, and, since none of the demands which had been made by the relator set out specifically the details in which the report was objectionable, there had been no such demand as should entitle the relator to the relief prayed for.

We have given the matter further consideration and have now concluded that for at least two reasons the officials of the respondent corporation should have known just what was lacking in the report which had been sent to relator.

In the first place, the statute itself is very specific in its requirements, and a careful examination thereof would have disclosed to the respondent corporation that it had not been complied with. In the second place, it appears, as stated in the original opinion, that the copy of the report which was sent to the secretary of state was also deficient in the matter of signatures, and that, for this

*Writ of error refused July 1, 1935.

reason, it was returned by the secretary of state, and that thereafter the deficiency was supplied to the satisfaction of that state official.

These facts, and the further fact that only a few days after the copy was sent to the relator he notified the corporation that his demand for a copy of the report prepared in accordance with the general corporation laws of Louisiana had not been complied with, should have put the officials of the corporation on notice as to the defects and deficiencies. It follows that their continued failure to furnish a properly prepared and verified report can be attributed to their neglect alone and not to the failure of relator to make proper demand.

██ Counsel for respondent corporation now contends further that the relief sought by relator is not made available to him by the laws of this state; that mandamus will not lie to compel officials of a corporation to furnish to a stockholder such a report as is now demanded. This contention is based on counsel's view that article 835 of the Code of Practice sets forth all of the situations in which the writ of mandamus may be issued against officials of a corporation. He contends that the facts found here do not set forth one of those situations. That article reads as follows:

"Corporations—Mandating—Grounds.—It [mandamus] may be directed to all corporations established by law:

"1. To compel them to make elections and perform the other duties required by their charter.

"2. To compel them to receive, or restore to their functions, such of their members as they shall have refused to receive, although legally chosen, or whom they shall have removed without sufficient cause."

Counsel contends that the obligation to furnish a copy of an annual report results not from the charter of the corporation, but from the law of the state, and that it is only in the case of a failure to comply with a duty required by the charter that the right to compel compliance by mandamus exists.

Into the charter of every corporation there is written, by the effect of law, the duty in all of its officials to comply with the requirements of all applicable laws, and where an applicable law requires that an official shall perform some clearly set forth function, and where there is no discretion vested in the official to determine whether he shall or shall

not perform that function, then he may be compelled by mandamus to perform it when he arbitrarily refuses to do so.

For the reasons given, it is ordered, adjudged, and decreed that our original opinion and decree be and they are recalled and annulled, and that the judgment appealed from be and it is affirmed at the cost of defendant appellant.

Original decree recalled; judgment appealed from affirmed.

LECHE, Judge.
I concur in the decree.