Raleigh J. Coker, the president of Supreme Industrial Life Insurance Company, Inc., has appealed from a judgment of mandamus condemning him to call a regular meeting of the board of directors of the corporation on the fourth Tuesday of the month of September 1947, and regularly on the fourth Tuesday of each and every succeeding month, as set forth in the charter and by-laws of the said corporation.
The plaintiffs-appellees are Lucien V. Alexis and Gustave C. Chapital, two of the members of the directorate.
[1] The defense of Coker is that it would be inequitable to force the calling of meetings of the board, as there has been an injunction issued enjoining meetings of the stockholders pending judicial determination of the ownership of certain stock held by members of the board. It is contended that this injunction has the effect of placing plaintiffs-appellees in the position of attempting *Page 908 
to perpetuate themselves in office. Defendant's amended return to the alternative writ of mandamus recites further that plaintiffs are attempting to gain control of the corporation, because one Antonia M. Bossier, a board member who had previously sided with Coker and his faction, has gone over to the Chapital-Alexis faction, thus giving the latter a majority number of representatives on the board, and that there should be no meetings until the stockholders have had an opportunity to elect another board.
The internal strife prevailing amongst the stockholders is fully recited and discussed in an opinion handed down by us this day in the case of Chapital v. Walker, et al., La. App.,35 So.2d 900.
The provisions of the charter stipulate that the directors shall be elected for a term of one year at a regular meeting of the stockholders to take place on the first Tuesday of January of each year, and as there have been no regular stockholders meetings the present directors remain in office with full power as holdovers, until such time as their successors are elected. Regardless of the nonholding of meetings of the stockholders, the holding of which is prohibited by an injunction, the corporate business must go on and the corporation should properly function, which end can only be accomplished through meetings of its board, and furthermore, unless the board of directors does hold its meetings, the corporation will lack that management which the law demands that a corporation should have. We fail to see how the injunction which prohibits the stockholders from meeting should be used as an excuse by Coker, the president, for not calling the regular meetings of the board of directors.
According to Act No. 148 of 1936, § 14, industrial life insurance companies shall be amenable to all insurance laws now in force. Act No. 105 of 1898, as amended by Acts Nos. 172 of 1920 and 122 of 1926, Dart's La.Gen.Stat. § 4004, which regulates insurance companies or corporations, provides in section 4(g) that the board of directors shall meet at least once a month.
The charter of the Supreme Industrial Life Insurance Company, Inc., in article 5, specifically provides that "the board of directors shall meet at least once a month * * *" and "meetings shall be held on the fourth Tuesday of each month."
Under the clear mandate of the law and the charter provisions, this industrial life insurance company should have the benefit of meetings of its directors as stipulated, and the affairs of the corporation should be orderly and properly conducted as determined by the board. The fact that a dispute exists between stockholders, or that the Coker-Walker faction is in the minority on the board and is likely to be outvoted, should in no way mitigate against the holding of regular meetings of the board.
[2] It is the duty of Coker as president of the corporation to call regular meetings of the directors, and it is elemental that whereas he has wrongfully refused to do so, mandamus will lie at the instance of other directors to compel such meetings.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 909