SAMUEL, Judge.
This is a suit for $5,688.48, the purchase price of certain materials sold and delivered by the plaintiff. The petition prays for judgment in that amount, in solido, against the three defendants named in the petition, Caltoman Contractors, Inc., Consulting and Trading Company, Inc., and Trinity Universal Insurance Company of Dallas, Texas. The matter previously has *302 been before this court (American Creosote Works, Inc. v. Caltoman Contractors, La. App., 160 So.2d 310) on exceptions filed by Caltoman and Trinity. On that occasion we dismissed the suit as to Trinity, the surety on a payment bond, for the reason that under the Miller Act the state trial court was without jurisdiction insofar as that defendant was concerned.
Trial on the merits subsequently was held contradictorily between plaintiff and Caltoman; Consulting did not answer or make an appearance. There was judgment (by default as to Consulting) against the two defendants, Caltoman and Consulting, in the full amount as prayed. Caltoman has prosecuted this appeal therefrom. Consulting has not appealed and the judgment against that corporation is not before us.
Caltoman’s answer to plaintiff’s petition was in the form of a general denial of liability. In this court its two fundamental contentions are: (1) the judgment against Caltoman should be reversed for the reason that plaintiff has failed to carry the burden of establishing its claim against that defendant to a legal certainty and by a fair preponderance of the evidence; and (2) alternatively, the trial court abused its discretion in denying Caltoman’s motion for a new trial and accordingly this court should grant the motion.
The following facts were proved by testimony and other evidence offered by plaintiff and are not in dispute:
The materials sold consisted chiefly of creosoted pine poles and crossarms to be used in certain construction work being done by Caltoman at Eglin Air Force Base in Florida. A man named Harrison, who was connected in some capacity with Consulting and who informed plaintiff he was acting for Caltoman, placed the orders with plaintiff in the names of Caltoman and Consulting. In compliance with these orders the materials were delivered to Cal-toman at Eglin Air Force Base where they were received by Caltoman and used in the work being done by that corporation. Subsequently Caltoman was paid in full for its work at Eglin.
Several deliveries were made to complete delivery of all the materials sold. The order forms therefor show; the materials were billed to both Caltoman and Consulting. With only one exception which later was changed by plaintiff so that all the order forms were similar in that respect, on the face of each form were the printed words, “SOLD TO:”, followed by the names of the two defendant corporations, Caltoman and Consulting, and the post office address of Caltoman. In most cases each of these order forms contained on its face a typewritten notation that the price included a commission in a stated amount (5%) for Consulting or .Harrison. Thereafter monthly invoices for the materials were sent to Caltoman. On several occasions while the orders were pending one of Caltoman’s employees called plaintiff by telephone relative to dates of delivery and other matters.
The first order form is dated May 3, 1961 and the last is dated August 31, 1961. On January 18, 1963 plaintiff addressed a letter to Caltoman’s president which stated that the charges for the materials were long past due and asked for prompt payment. Calto-man never raised any question or objection relative to the orders, invoices or letter nor did it reply thereto in any way.
The record does not contain any testimony by Harrison or any other person connected with Consulting and none of Calto-man’s officers or office personnel were present at the trial; it produced only two witnesses. One was the field superintendent in charge of the construction work at Eglin. He admitted the materials had been delivered by plaintiff to the work site where they were received by him and used in the construction being done by Caltoman. He also testified that as field superintendent he placed the bulk of the orders for needed materials with Consulting; that he placed some orders with other concerns; that he placed no orders at all with plaintiff; and that he occasionally contacted the suppliers *303 of materials directly regarding delivery dates without going through Harrison or his corporation.
Defendant’s other witness was a certified public accountant whose sole connection with Caltoman was that he prepared the corporation’s income tax returns on the basis of information annually obtained from its general ledgers and journals. He did not keep any of Caltoman’s books and records, nor were they kept under his supervision; he accepted the same, without audit on his part, for the purpose of preparing the tax returns. He was called as a witness by appellant to identify books, can-celled checks and other records of the corporation for the purpose of offering the same in evidence. The trial court maintained timely plaintiff objections to that offer and accordingly those books, cancelled checks and other records were not received in evidence.
We do not agree with Caltoman’s first contention, that plaintiff has failed to carry the burden of establishing its claim to a legal certainty and by a fair preponderance of the evidence. Actually, Calto-man’s sole ground of defense is that it did not purchase the materials from the plaintiff but rather purchased them from Consulting. And its counsel argue that Harrison, who was connected with Consulting, did not act as their agent.
The record contains no affirmative proof supporting this position. While it is true that the evidence offered by plaintiff does not prove Harrison was Caltoman’s agent, we consider the existence of such an agency unnecessary to the validity of plaintiff’s claim. And although the materials were charged to both Caltoman and Consulting, the evidence abundantly proves that plaintiff intended to sell to Caltoman and acted in accordance with this intention in every respect. Delivery of all of the materials was made directly to, and received by, Cal-toman at the construction site and we are satisfied that Caltoman received the numerous order forms and invoices and the letter of demand sent to it by plaintiff, all of which informed Caltoman, from the time of the first delivery of the materials, that the sale had been made to the two corporations. Caltoman knew, or at least certainly should have known, it had purchased the materials from the plaintiff, was liable to the plaintiff for the purchase price thereof, and that liability continued to exist until such time as the plaintiff had been paid.
 Nor do we agree with Caltoman’s second contention, that the trial court abused its discretion in denying its motion for a new trial. That part of the motion now urged by appellant seeks a new trial for the purpose of producing as a witness the person who prepared and made the original entries in the corporation’s books and records so that such books and records might be introduced in evidence. The applicable codal article is LSA-C.C.P. Art. 1973, which is concerned with the granting of a new trial on discretionary grounds, and which provides: “A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.” Under that article the granting of a new trial is within the sound discretion of the trial judge.
In the instant case the appellant was served with citation and a copy of the petition on March 12, 1963. Thereafter, principally as a result of the appeal to this court from the judgment on exceptions to the jurisdiction filed by appellant and its insurer, the trial on the merits was not held until May 19, 196S. Despite this long delay of more than two years during which Calto-man had the opportunity of preparing its case, the record fails to disclose any reason whatsoever why it did not produce as a witness at the trial the person who prepared and made the original entries in the corporation’s books and records. We conclude the trial judge did not abuse his discretion in denying the motion.
The judgment appealed from is affirmed.
Affirmed.