312 So.2d 179 (1975)
Gregory J. M. BURGUIERES
v.
The J. M. BURGUIERES COMPANY, LTD.
No. 6736.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
Rehearing Denied May 15, 1975.
*180 Gregory J. M. Burguieres, in pro per.
G. H. Pierson, Jr., Milling, Benson, Woodward, Hillyer & Pierson, New Orleans, for defendant-appellee.
Before REDMANN, STOULIG and SCHOTT, JJ.
REDMANN, Judge.
La.R.S. 12:102B obliges a corporation to provide annually, upon a shareholder's written request, certain corporate information.[1]
Dissatisfied with defendant corporation's response to his request, plaintiff shareholder sought mandamus, and now appeals from judgment dismissing his demand.
Plaintiff requested "a correct annual report according to law," citing R.S. 12:102B. Specifically, plaintiff requested that the report utilize the exact statutory terms ("stated capital, capital surplus and earned surplus" and "combined statement of income and earned surplus").
*181 In response, the corporation furnished a report signed by its president and secretary containing the information required by R.S. 12:102A. In a cover letter similarly signed, it advised that it had previously sent to all shareholders its annual consolidated financial report of itself and its subsidiaries (which plaintiff in his written request had admitted receiving). That financial report, the letter advised, contained the statutorily-required items of information: "If you will consult a Certified Public Accountant, he will be able to analyze the report and show you where each of these items are set forth."
The law does not require a shareholder to hire a certified public accountant in order to be informed of the items specified by R.S. 12:102B. The law unmistakably obliges the corporation to state those items to the requesting shareholder.
Defendant corporation's board chairman (who is also a partner in the corporation's accounting firm) testified he prefers and uses more "modern" accounting terminology than that of the 1968 Louisiana law.[2] We need not inquire whether the difference is in terms only, or in substance as well. A corporation's accounting notions do not exempt it from compliance with R.S. 12:102B: "company rules do not outrank or invalidate state law." Hendrix v. Delta Air Lines, Inc., La.App.1970, 234 So.2d 93, 96, writ refused, 256 La. 364, 236 So.2d 498.[3]
Defendant corporation must comply. Mandamus may be directed to a corporation to compel performance of duties prescribed by law; C.C.P. art. 3864(1); see also Tichenor v. Dr. G. H. Tichenor Co., La.App.1935, 161 So. 198.
However, we need not decide whether, as plaintiff urges, R.S. 12:102B so clearly requires a single document or a single transmission (but see R.S. 12:172B) that mandamus would require one document or transmission in place of two or three. Defendant has already sent the § 102A information required by § 102B, and we will now order only the furnishing of the condensed balance sheet and combined statement as specified by the statute.
The judgment appealed from is reversed. It is ordered that defendant deliver or mail to plaintiff a condensed balance sheet (showing inter alia and separately the amounts of defendant's stated capital, capital surplus and earned surplus) as of the last day of, and a combined statement of income and earned surplus for, the fiscal year ended May 31, 1973. Defendant is to pay all costs.

ON APPLICATION FOR REHEARING
PER CURIAM.
Plaintiff complains that we did not adjudicate his claim for penalties under R.S. 12:172(B), and defendant expresses concern that our ruling on R.S. 12:102(B) might be construed to constitute by implication an adjudication of the claim for penalties. We disclaim any such implication. We did not mention nor even consider penalties because the proper parties to that claim were not parties to this litigation.
STOULIG, J., concurs in denial.
NOTES
[1] The statutory wording is "a report signed by the president or vice-president and secretary or assistant secretary, containing the information hereinabove [in § 102A] required to be contained in the last annual report of the corporation preceding said request, together with a condensed balance sheet (showing inter alia and separately the amounts of its stated capital, capital surplus and earned surplus) as of the last day of, and a combined statement of income and earned surplus for, the last preceding fiscal year ended more than four months before receipt of such request."
[2] The 1968 revision and recodification, by the Committee of the Louisiana State Bar Association on the Revision of the Corporation Laws, adopted the terminology of the American Bar AssociationAmerican Law Institute Model Business Corporation Act; see Himel, Major Changes Made by the New Business Corporation Law, 1968, 16 La.Bar. J. 123; Miller, The 1968 Business Corporation Law of Louisiana, 1969, 29 La.L.Rev. 435. In respect to the modernness of the terms, see also Henn, Corporations (West, 2d ed. 1970), 633-637.
[3] Compare Jones v. Dibert Bancroft & Ross Co., Ltd., La.App.1975, 308 So.2d 369, 370, where the corporation's response was that it "was closely held and did not divulge financial information."