STOULIG, Judge.
Plaintiffs, David F. Craig and Lionel E. Flotte, Jr., as owners collectively of 34% of the stock of International Tri-D Corporation (International), seek a writ of mandamus directing the corporation (1) to hire a certified public accountant to audit the corporate books to determine its solvency; (2) to refrain from selling its only substantial asset, an apartment complex, pursuant to an alleged illegal resolution of the board of directors; and (3) to hold a shareholders meeting for the purpose of voting on a proposed sale of the principal corporate asset, should it be determined the corporation is solvent.
This suit was filed after four of the six directors of International who control 66% of its stock resolved to sell the Pier 8 Apartments for $1,650,000 upon concluding the corporation was insolvent. Its charter and bylaws do not specify a method for voluntary sale of an asset, but it is stipulated Louisiana law regulates this aspect of corporate business.
L.R.S. 12:121(A) and (B) state a voluntary sale of substantially all of a solvent corporation must be approved by a vote of two-thirds of the shareholders, while a two-thirds vote of the directors is required if the corporation is insolvent. The majority block in International lacks two-thirds of one share of stock needed to meet the statutory requirements for the voluntary sale of substantially all of its property by a solvent corporation.
Plaintiffs’ petition alleged the declaration of insolvency was made to circumvent the requirement of assent to the sale by two-thirds of the shareholders. Under C.C.P. art. 3865, on plaintiffs’ prayer, the trial court issued an alternative writ of manda *954 mus to the defendant directing it to comply with plaintiffs’ demands or show cause to the contrary. (In the same petition plaintiffs also sought a permanent injunction. Defendant filed, inter alia, an exception of improper cumulation of actions, and the trial judge severed the claims. C.C.P. art. 464.) Upon hearing the rule, the trial judge recalled the writ of mandamus and vacated it, reserving to plaintiffs their right to try the permanent injunction at a later date. Plaintiffs have appealed.
The issue before this court is whether mandamus is an appropriate remedy for the relief sought. C.C.P. art. 3862 provides mandamus may issue in “ * * * all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice * * A writ of mandamus may be directed to a corporation to compel the performance of duties required by the corporate charter, the bylaws or the laws of Louisiana[1] or to recognize the rights of its members and shareholders.[2] C.C.P. art. 3864.
In this case plaintiffs cite no law or internal rule that would require the corporate directors to furnish them, on their demand, with a verified audit by a certified public accountant. In this respect this matter is distinguishable from Burguieres v. J. M. Burguieres Company, Ltd.,[3] the case appellants cite to support their demand for audit at the company’s expense. In Burgui-eres the directors failed to furnish in understandable terms the information they were required to provide the shareholders under L.R.S. 12:102(B). The stockholder was told by the corporation to have it explained by a certified public accountant. We held that because the law required the dissemination of this information, the stockholder should not be required to hire a certified public accountant to explain the “modern” accounting terminology used in the report.
The procurement of an audit is not a ministerial duty that can be compelled by mandamus in this case. The decision lies within the discretion of the directors, a majority of whom have decided not to incur this expenditure. The books of International are available to plaintiffs should they desire to have an audit conducted at their own expense.
Another object of appellants’ application for writ of mandamus is an order prohibiting the sale of the corporate realty. Because this relief is available via injunction (C.C.P. art. 3601 et seq.), mandamus does not lie (C.C.P. art. 3862). Plaintiffs are attempting to use mandamus to bypass the furnishing of security required in connection with the issuance of a temporary restraining order or a preliminary injunction (C.C.P. art. 3610) in the event they provoke a wrongful restraint that ultimately results in damages.
Finally, it would be premature to order a shareholders meeting without a pri- or determination of the financial condition of the corporation. In passing we note no attempt was made by Mr. Flotte, in his capacity as president, to call a special meeting of shareholders, nor did both plaintiffs, as shareholders of more than one-fifth of the total stock, attempt to provoke such a meeting through the secretary of the corporation prior to the filing of this suit. Both of these actions are authorized by L.R.S. 12:73.
In summary, appellants cite no law or corporate rule that obligates the directors to pay for an audit. They have the remedy of injunction available to protect their interest pending a determination of the legality of the proposed sale. Thus, mandamus does not lie.
*955 For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

.Mandamus would lie to compel a corporation to transfer stock (State ex rel. Pope v. Bunkie Coca Cola Bottling Co., 222 La. 603, 63 So.2d 13 [1953]) or to compel it to call regular meetings prescribed by the charter (Alexis v. Coker, 35 So.2d 907 [La.App.Orl.1948]).

. A shareholder’s right to examine the corporation’s books may be enforced by mandamus. Carey v. Dalgarn Const. Co., 171 La. 246, 130 So. 344 (1930).

. 312 So.2d 179 (La.App. 4th Cir. 1975).