399 So.2d 775 (1981)
Mrs. Marie Voorhies LEVY and Mrs. Florence Billeaud Voorhies, Plaintiffs-Appellants,
v.
Manning F. BILLEAUD, as Liquidator for Comeaux Planting Co. and Broussard Plantation, Inc., Defendants-Appellees.
No. 8226.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
*776 McCollister, McCleary, Fazio, Mixon, Holliday & Hicks, Rick J. Norman, Baton Rouge, for plaintiffs-appellants.
David S. Foster, III, Lafayette, Sklar, Nachman, Bowsher, Schmidt & Lasavio, Robert T. Bowsher, Baton Rouge, for defendants-appellees.
Before SWIFT, STOKER and DOUCET, JJ.
DOUCET, Judge.
Plaintiffs, Mrs. Marie Voorhies Levy and Mrs. Florence Billeaud Voorhies, brought this suit against Manning F. Billeaud, liquidator of two domestic corporations, seeking a writ of mandamus compelling Billeaud to distribute the corporate assets to the shareholders. The trial court sustained defendant's exception of unauthorized use of summary proceedings, dismissing plaintiffs' suit. From that judgment, plaintiffs appeal. We affirm.
The two issues are presented for our resolution: (1) Should a writ of mandamus be issued under the particular circumstances of this case? (2) What is the effect of defendant's failure to file a written answer to the petition for writ of mandamus?
The first issue was correctly resolved by the trial judge. We adopt his excellent written reasons as follows:
"Plaintiffs in this case are two of the stockholders in COMEAUX PLANTING COMPANY, INC. and BROUSSARD PLANTATION, INC., which corporations have been in voluntary dissolution. MANNING F. BILLEAUD was liquidator for both corporations. For tax and other reasons inuring to the benefit of the shareholders, the shareholders approved by 95% at a special meeting called for the purpose, a proposal whereby the two before mentioned corporations would each join with BAYOU TORTUE LIVESTOCK, INC., and become two partnerships in commendam.
The plaintiffs in this case, the only two dissenting shareholders to the adopted resolution, have brought a mandamus action, alleging that it is the legal duty of the liquidator to distribute the corporate assets to the shareholders and that if the proposed plan is not halted, the liquidator will be breaching his fiduciary duty to the shareholders or and exceeding his authority as the above mentioned actions are not listed in the enumerated powers given a liquidator in LSA R.S. 12:145. The defendants filed an exception of unauthorized use of summary proceedings.
The Code of Civil Procedure sets forth the following rules governing mandamus:
Article 3862
`A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice; ...'
Article 3863
`A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, ...'

Article 3864
`A writ of mandamus may be directed to a corporation or an officer thereof to compel:
1) The holding of an election or the performance of other duties required by the corporate charter or by-laws or prescribed by law; or
2) The recognition of the rights of its members or shareholders.'
(Emphasis added).
The Court finds that in this case the law provides relief by ordinary means, which remedies are available to plaintiffs and which remedies have not been exercised (see for example La.R.S. 12:131(F), C.C.P. Art. 3601, et seq.), it not appearing that proceeding by ordinary means would result in delay which would cause injustice.
Further, mandamus should not be issued in doubtful cases; it is an extraordinary *777 remedy and should be used sparingly. C.C.P. 3862, Craig v. International Tri-D Corp., 338 So.2d 952 (La.App., 4th Cir. 1976); Board of Commissioners of Lafourche Basin Levee District v. Board of Commissioners of Atchafalaya Basin Levee District, 340 So.2d 600 (La.App. 1st Cir., 1976); Melancon v. Police Jury of Lafayette, 301 So.2d 715 (La.App., 3rd Cir. 1974); Lyons v. Bossier Parish Police Jury, 262 So.2d 838 (La.App., 2nd Cir., 1972).
The situation here involved is not such a ministerial duty as would be a fit subject for a mandamus, such as, the shareholders right to examine the books and records of the corporation, State ex rel. Bourdette v. New Orleans Gaslight Company, 49 La.Ann. 1556, 22 So. 815 (S.Ct. 1897); or the shareholders right to have stock issued to him for which he has paid, Volker v. Crescent City Wholesale Florist, Inc., 17 So.2d 372 (La.App.Orleans, 1944) or the shareholders right to statutorily require financial information, Burguieres v. J. M. Burguieres Company, Ltd., 312 So.2d 179 (La.App. 4th Cir., 1975), or the shareholders right to receive a copy of an annual report required by State law, Tichenor v. Dr. G. H. Tichenor Company, Ltd., 161 So. 198 (La.App.Orleans 1935). It is rather a situation in which the rights upon which the action is predicated are not clear and specifically fixed, but greatly questioned and in the view most favorable to petitioners, in serious and bona fide dispute. In such situations mandamus is not the appropriate remedy forum. In Craig v. International Tri-D Corporation, 338 So.2d 952 (La.App. 4th Cir. 1976), the case closest in point to that involved in the present situation, the Court observed at page 954, the following:
Another object of appellant's application for writ of mandamus is an order prohibiting the sale of corporate realty. Because this relief is available via injunction (C.C.P. Art. 3601, et seq.), mandamus does not lie (C.C.P. Art. 3862). Plaintiffs are attempting to use mandamus to bypass the furnishing of security required in connection with the issuance of a temporary restraining order or a preliminary injunction (C.C.P. Art. 3610), in the event they provoke a wrongful restraint which ultimately results in damages.
See also Pollock v. Pollock Engineering Co., Inc., 365 So.2d 1186 (La.App. 3rd Cir., 1978) and State ex Rel. Boykin v. Hope Producing Company, 167 So. 506 (La.App. 2nd Cir. 1936).
For these reasons, the defendants' exception of improper use of summary proceedings is granted, reserving to the plaintiffs their right to bring such other actions as are provided by law in and under the appropriate proceedings therefor."
For those reasons, we conclude that mandamus is not available to plaintiffs in this case. Plaintiffs argue, however, that the writ must nevertheless be issued because defendant has failed to file a written answer, as required by LSA-C.C.P. Art. 3783. We find no merit in that argument.
An objection to the unauthorized use of summary proceedings must be raised through a dilatory exception prior to answer or judgment by default. LSA-C.C.P. Arts. 926 and 928. If the exception is not filed prior to the answer, the objection urged by it is waived. Bordelon v. Safeway Insurance Company, 380 So.2d 1379 (La. App. 3rd Cir. 1980). Defendant was therefore compelled to wait until his exception had been disposed of before answering. After the trial court sustained the exception and dismissed plaintiffs' suit, there was no further need for an answer. In fact, nothing remained to be answered.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the plaintiffs.
AFFIRMED.