MICHAEL J. McNULTY, Jr., Judge Pro Tem.
This a suit for issuance of a writ of mandamus directed to the Clerk of LaSalle Parish to cancel the inscription of a vendor’s lien, mortgage and chattel mortgage emanating from the recordation of a credit sale from Allen A. Boddie and Dorothy Woodard Boddie (Boddies) to Boddie Machine and Welding Service, Inc. (Boddie Machine). Plaintiff-Appellant alleges that the indebtedness secured by the lien and mortgages was fully paid and extinguished. Defendants-Appellees claim that there remains a sum due and owing in the amount of $30,000.00, together with interest and attorney fees.
The trial court found that the debt secured by the security devices involved remained partially unpaid. It rendered judgment denying the writ of mandamus and dismissing plaintiffs suit. Appellant thereafter filed a motion for a new trial and a motion to reopen evidence. Those matters were submitted on briefs. The trial court denied the motions and this appeal followed.
The undisputed facts are that the Bod-dies, on September 1, 1981, sold to Boddie Machine all of the assets of their sole proprietorship in consideration of the assumption by the vendee of two mortgages affecting certain of those assets, and for the further consideration of two promissory notes, one in the amount of $100,000.00 and the other in the amount of $30,000.00.
In April 1982, Boddie Machine paid the Boddies $141,500.00 leaving a balance due of $30,000.00.
Plaintiff-appellant enumerates five assignments of error, as follows:
“(1) Factually, trial court erred in determining that there remained a balance due and owing from Boddie Machine and Welding Service, Inc. to Allen A. Boddie, et ux, when both the corporate records and the personal records of Allen A. Bod-die, as maintained by Van P. Yaryan, Accountant, revealed that there was an indebtedness from the corporation to Boddie of $50,000.00 and payments made thereon totalling $64,675.84, thereby fully paying and extinguishing any and all indebtedness due Boddie by the corporation as of May 11, 1983.
(2) Factually, trial court erred in finding that there were more than two loans from the Boddies to the corporation, when the books and records of the corporation reveal but two loans.
(3) Legally, trial court erred in failing to apply the provisions of Article 3285, Louisiana Civil Code, which provides in part, ‘that in all cases where the principal debt is extinguished, the mortgage disappears with it’. Thrift Funds Canal, Inc. v. Foy [261 La. 573], 260 So.2d 628 (La.1972); Mente & Co. v. Levy [160 La. 496], 107 So. 318 (La.1926).
(4) Legally, trial court failed to correctly apply the law of Louisiana as to imputation of payments contained within the provisions of Article 2166, et seq., Louisiana Civil Code, which provides in part, that the law imputes payment to the debt, which the debtor had at the time of payment, the most interest in discharging, i.e., the most onerous debt. Carter’s Insurance Agency, Inc. v. Franklin, 428 So.2d 808 (La.App. 1st Cir.1982).
(5) Legally, in refusing to grant a new trial, or in the alternative, granting the motion to reopen evidence, so as to permit the introduction of a promissory note given by Boddie Machine and Welding Service, Inc. to Allen A. Boddie, et ux, on April 2, 1982, in the amount of $30,-000.00, pursuant to the provisions of Ar- *660 tide 1971, and 1972 of the Louisiana Code of Civil Procedure.”
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
Appellants’ evidence at trial consisted of the testimony of Allen A. Boddie on cross-examination and the introduction of four exhibits. The exhibits consisted of: (1) A copy of the Act of Credit Sale; (2) Certificate of Cancellation of a $125,000.00 mortgage dated June 6th, 1981; (3) Certificate of Cancellation of a $25,000.00 mortgage dated June 8th, 1981; and (4) Microfilm of various Boddie Machine cancelled checks. Plaintiff presented no other evidence tending to prove that the subject notes had been paid. Louisiana Code of Civil Procedure Articles 3861, 3862 and 3863 define the function of a writ of mandamus and when it may be issued.
“A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice ...” (Louisiana Code of Civil Procedure Article 3862 [emphasis added].)
Our Courts have recognized that the issuance of a writ of mandamus is an extraordinary remedy. Levy v. Billeaud, 399 So.2d 775 (3rd Cir. La.App.1981); Promise v. McGlothin, 460 So.2d 84 (3rd Cir. La.App.1984); Barney’s Family Market, Inc. v. Avoyelles Parish Police Jury, 452 So.2d 822 (3rd Cir. La.App.1984). Although mandamus writs will not be granted in doubtful cases, it is the proper legal remedy for compelling the recorder to cancel an illegal or unauthorized inscription purporting to operate as a mortgage. The sole testimony elicited by appellant by way of cross-examination was to the effect that on March 11, 1983 Boddie received $10,-000.00 from the corporation. Boddie testified that this was repayment of a loan he made the company to meet its payroll obligations. (Transcript, pg. 132). Boddie further testified that he loaned the corporation $20,000.00 prior to receiving the $10,000.00 payment. (Transcript, pg. 128). Further testimony revealed that it was customary for Boddie to deposit money in the corporate account during slow periods and to later withdraw equivalent sums when the corporate account justified it. (Transcript, page 128). The corporation’s accountant, Van P. Yaryan, also testified that it was “common practice” for Mr. and Mrs. Bod-die to lend the corporation monies and that it happened on several occasions following the above informal arrangement. The trial court, in its reasons, correctly ascertained that:
“The evidence established that on a number of occas[s]ions this small closely held corporation encountered a need for quickly available credit to meet short term cash flow emergencies. Mr. and Mrs. Boddie extended needed short term credit to the corporation which they managed and the corporation promptly repaid the loans even though the older security notes were not paid first. I find that as between Mr. and Mrs. Boddie and the corporation, the parties intended that the short term loans would be paid by the corporation as quickly as possible and in advance of the older secured debt.
The Court finds that the secured debt in controversy in this litigation remains partially unpaid and that the security should not be cancelled on the records of LaSalle Parish.” (Transcript, pg. 107)
We concur in those factual determinations.
ASSIGNMENTS OF ERROR NUMBERS THREE AND FOUR
Appellant complains in these two assignments of error that the trial court erred in failing to apply the provisions of Louisiana Civil Code Article 3285 in finding the debt extinguished due to the trial court’s incorrect application of former Louisiana Civil Code Article 2166 (now Article 1868) concerning the imputation of payments. In the instant case, the trial court correctly found that the law dealing with the imputation of payments is not a factor to be considered and we also find that the ledger sheets (D-l, Tr. pg. 99 and Joint 1, Tr. pg. 105, respectively), balance sheets (D-2, Tr. pg. 100), and the testimony of Van Yaryan, control the facts of this case *661 pursuant to the accountants’ testimony. Appellant has correctly cited the law regarding imputation of payments as found in former Louisiana Civil Code Articles 2163 through 2166. We need look no further than to examine former Article 2163, which states in pertinent part:
“The debtor of several debts has the right to declare, when he makes a payment, what debt he means to discharge.”
A review of the balance sheet, labeled as Exhibit D-2, indicates which debts the debtor (the Boddies) intended to discharge. Thus, the trial judge correctly ascertained that central to the case was not the law regarding imputation of payments, but rather the testimony of the witnesses and the evidence presented. Appellant presented no evidence to show that the law regarding imputation of payments was controlling in this case. Appellant cannot be allowed to use the law as both a sword and a shield.
ASSIGNMENT OF ERROR NUMBER FIVE
Appellant argues that the trial court erred in refusing either to grant a new trial or to grant its motion to reopen evidence. It should be noted that the instant case differs from the norm in that the original opinion was rendered by Judge Edwin R. Hughes and the judgment on the Motion for a New Trial and to Reopen was rendered by Douglas H. Allen, Judge Ad Hoc. It is well settled that when a determination by the trial court is based on factual findings or the credibility of witnesses and absent manifest error, these findings shall not be disturbed upon review. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The case of American Creosote Works, Inc. v. Caltoman Contractors, Inc., 185 So.2d 301 (4th Cir. La.App.1966) is directly on point. In the instant case as in that case, appellant did not disclose any valid reason why the evidence, which it desired to introduce after trial, was not presented at the trial.
We therefore affirm at appellant’s cost.
AFFIRMED.